STATE OF CONNECTICUT *v.* BENJAMIN CARR, JR.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued January 5—decision released April 12, 1977

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellant (state).

*John R. Williams,* for the appellee (defendant).

LOISELLE, J. The state charged that the defendant committed the crime of bribery in violation of General Statutes § 53a-147. A motion to dismiss filed by the defendant was denied. The defendant pleaded not guilty. After the selection of the jury began, the defendant stated in open court, in substance, that he would be willing to plead guilty to a violation of General Statutes § 29-9 (offering a gift to a policeman). The state objected to this offer and was not willing to file a second count against the defendant alleging a violation of General Statutes § 29-9. The court concluded that, as alleged in the information, a violation of General Statutes § 29-9 was included in the offense charged under General Statutes § 53a-147 and accepted the guilty plea over the objection of the state. The court concluded that it had discretionary power to permit the defendant to plead to a lesser offense included in that charged in the information and exercised that discretion on the basis that the defendant had been previously convicted of the same offense as that charged and had been sentenced to the maximum penalty fixed by statute. The court also found as a fact that the state's objection to the defendant's plea of guilty under General Statutes § 29-9 was not based on any desire of the state to have imposed upon the defendant a greater

penalty than that permitted under General Statutes § 29-9. Having received permission of the trial judge, the state has appealed.

In *State* v. *Carr*, 172 Conn. 458, 374 A.2d 1107, the case previously mentioned involving the same defendant and the same offense charged, this court held that § 29-9 was not a lesser crime included within the crime of bribery under General Statutes § 53a-147. No useful purpose will be served by repeating the discussion of that case on this issue. The court was in error in accepting the guilty plea to § 29-9 on the basis that it was a lesser included offense.

Although the court was in error in accepting a plea to General Statutes § 29-9 as a lesser included offense, the acceptance of the plea did not result in dismissing the original information. There was no pending motion to dismiss by the defendant as authorized by § 54-56 of the General Statutes,[1] nor did the court expressly or by its action dismiss the original information as amended.

In the absence of statutory authority, the court has no power of its own motion to dismiss a criminal prosecution unless there is a fundamental legal defect in the information or indictment (such as want of jurisdiction or form of the information), or a constitutional defect such as denial of the right

---

[1] "[General Statutes] Sec. 54-56. DISMISSAL OF INFORMATION BY COURT. All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

to a speedy trial or illegality of arrest.[2]  Annot., 69 A.L.R. 240, 241.  "A statute may authorize the court, either of its own motion or on the application of the prosecuting officer, to order an indictment or prosecution dismissed.  But in absence of such a statute, a court has no power to enter a nolle prosequi to a good indictment or to dismiss a criminal prosecution except at the instance of the prosecutor.  A fortiori, this could not be done over the protest or objection of the prosecutor."  21 Am. Jur. 2d, Criminal Law, § 517; see also *State* v. *Main,* 31 Conn. 572, 576; Kosicki, "The Function of Nolle Prosequi and Motion to Dismiss in Connecticut," 36 Conn. B.J. 159, 168.

It is clear that the court only accepted the plea to § 29-9 because it thought it was a lesser offense included in the original information.  As the crime was not charged, the court's acceptance of the guilty plea was a nullity.  Because the court did not dismiss the original information, it is still pending.

There is error, the judgment is set aside and a trial is ordered under the original information as amended.

In this opinion the other judges concurred.

---

[2] The defendant relies on *City of St. Paul* v. *Landreville,* 301 Minn. 43, 47, 221 N.W.2d 532, in which it was stated that "the court has the inherent power to dismiss a case in the interest or furtherance of justice, whether that power is expressly conferred by statute or arises by implication."  Minnesota had such statutory authority, but the opinion cited no authority for the implication of such a power without a statute, and no such authority has been discovered.