STATE OF CONNECTICUT *v.* CHESTER EUGENE TUCKER
(9446)

DUPONT, C. J., SPALLONE, DALY, O'CONNELL, FOTI and LAVERY, Js.

Considered September 21—decision released December 11, 1990

*Temmy Anne Pieszak,* assistant public defender, in support of the motion.

*Leah Hawley,* assistant state's attorney, in opposition to the motion.

DUPONT, C. J. The sole issue of this case is whether the state filed a timely appeal. The defendant was charged with the sale of narcotics in violation of General Statutes § 21a-278 (b). On July 13, 1990, the court granted the defendant's motion for accelerated rehabilitation pursuant to General Statutes § 54-56e. On July 18, 1990, the court dismissed the charges against the defendant, and, on the same day, the state, pursuant to General Statutes § 54-96, filed a motion for permission to appeal the granting of the accelerated rehabilitation and the subsequent dismissal of the

charges. The court granted the state permission to appeal on July 27, 1990, and the state filed its appeal within twenty days from that date. The defendant then filed a timely motion to dismiss on the ground that the state's appeal was untimely because it was not filed within twenty days of the notice of the decision about which the state complains.

Generally, an appeal must be filed within twenty days from issuance of notice of the rendition of the judgment or decision from which the appeal is taken, except where a different period is provided for by statute. Practice Book § 4009. A defendant in a criminal prosecution may appeal "in the same manner and with the same effect as in civil actions." General Statutes § 54-95 (a). The state, however, cannot appeal in a criminal case unless such an appeal is permitted by the trial court pursuant to General Statutes § 54-96.

Section 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused." This statute does not expressly provide for an appeal period different from that provided by Practice Book § 4009.

The "language [of General Statutes § 54-96] unmistakably confers upon the trial court the choice of granting or withholding the appeal privilege depending upon the circumstances of each case. . . . It follows, therefore, that without [the trial court's] permission there is no viable appeal . . . ." *State* v. *S & R Sanitation Services, Inc.,* 202 Conn. 300, 308, 521 A.2d 1017 (1987). In general, permission of the trial court is a prerequisite to the existence of the state's

right to appeal in a criminal matter. Id.[1] Once permission to appeal is granted, the rules that set out the procedures of an appeal must be consulted in order to give life to that appeal.

The defendant argues that the appeal period for the state commenced when the decision of which the state complains was rendered, namely when the charges were dismissed on July 18, 1990. The state, however, argues that the appeal period commenced when the court granted permission to appeal on July 27, 1990. If the defendant is correct, the state's appeal filed on August 8, 1990, is not timely, but, if the state is correct, the appeal is timely.

Although § 54-96 does not provide for an appeal period different from that expressed in Practice Book § 4009, it cannot be construed in a way that leads to a difficult and bizarre result; *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 593, 522 A.2d 771 (1987); but must be interpreted with common sense in order to reach a reasonable result consonant with its purpose. *Healy* v. *Freedom of Information Commission,* 18 Conn. App. 212, 217, 557 A.2d 561 (1989). Construing § 54-96 as commencing the appeal period from the date of the action of which the state complains leads to a bizarre result that thwarts the state's ability to appeal. If the appeal period commences at the time of the "ruling or decision" of the court, then theoretically the period could expire before the state even has the right to appeal. The state's potential right to appeal, therefore, would be dependent upon the trial court's promptness in ruling on the motion for permission to appeal.

---

[1] An appeal is not precluded by the state if "the 'denial was so arbitrary as to constitute an extreme abuse of discretion rendering the denial ineffective. . . .' " *State* v. *Bergin,* 214 Conn. 657, 660, 574 A.2d 164 (1990), quoting *State* v. *Avcollie,* 174 Conn. 100, 110, 384 A.2d 315 (1977); *State* v. *Bellamy,* 4 Conn. App. 520, 522, 495 A.2d 724 (1985).

The defendant argues that the state, in order to secure its right to appeal, could move for an extension of time to appeal pursuant to Practice Book § 4040. This argument must fail. It is illogical for the state to move for an extension of time to appeal before it is known that the state's right to appeal exists. Requiring the state so to move would result in an inefficient use of judicial resources in the event that permission to appeal is ultimately denied.

The defendant's argument is antithetical to the purpose of General Statutes § 54-96. The purpose of the statute is to provide for appellate review if the presiding judge permits it. The date of the exercise of the court's discretion in favor of the state is the condition precedent to the appeal, and is the date from which the appeal period begins to run, rather than the date of the ruling or decision of the trial court.

This conclusion will not encourage the state to delay in seeking permission to appeal. To acquire the right to appeal, the state must move for permission to appeal at the time of the judgment; *State* v. *Avcollie,* 174 Conn. 100, 108, 384 A.2d 315 (1977); or with "reasonable promptness" thereafter, provided that it expresses its intent to appeal at the time of the judgment. *State* v. *Ross,* 189 Conn. 42, 46–47, 454 A.2d 266 (1983); *State* v. *Middleton,* 20 Conn. App. 321, 326, 566 A.2d 1363 (1989). These cases limit the time period during which the state may move for permission to appeal. Allowing the appeal period to commence once the state has permission to appeal would not change this limitation. In this case, the state moved for permission to appeal on the same day that the trial court dismissed the charges against the defendant. We hold that § 54-96 should be interpreted so that the appeal period runs from the date permission to appeal is granted.[2]

---

[2] We are aware of the case of *LaReau* v. *Reincke,* 158 Conn. 486, 264 A.2d 576 (1969), in which General Statutes § 52-470, which establishes a

The defendant's motion to dismiss is denied.

In this opinion the other judges concurred.

condition precedent for appellate review, as does § 54-96, was interpreted to mean that the appeal period from a judgment rendered in a habeas corpus proceeding runs from the date of that judgment. General Statutes § 52-470 and 54-96, however, serve different purposes and contain different language. Section 52-470 requires an appellant to petition the trial court, within ten days after the case is decided, to obtain certification that "a question is involved in the decision which ought to be reviewed. . . ." Section 54-96, in contrast, contains no such time limitations and grants to the state, not a defendant, the right to appeal from "questions of law."