STATE OF CONNECTICUT *v.* LEONARD R. BANKS
(8774)

DUPONT, C. J., DALY and NORCOTT, Js.

---

[4] This court was notified on March 13, 1991, that the plaintiff had died.

Submitted on briefs January 11—decision released April 9, 1991

*Donald Browne,* state's attorney, *Susann E. Gill,* assistant state's attorney, and *John F. Blawie,* deputy assistant state's attorney, filed a brief for the appellant (state).

NORCOTT, J. The sole issue in this appeal is whether the trial court properly dismissed the state's information against the defendant.

The facts are not in dispute. The defendant was arrested on December 11, 1988, and charged with carrying a pistol without a permit in violation of General Statutes § 29-35 and unlawful discharge of a firearm in violation of General Statutes § 53-203. On September 11, 1989, the defendant entered a plea of guilty under the *Alford* doctrine to the charge of carrying a pistol without a permit. The state entered a nolle to the other charge and, as a part of the plea agreement, there was to be a sentence recommendation of two years, execution suspended after one year, with the defendant retaining the right to argue for a lesser sentence than the mandatory one year sentence for a violation of § 29-35 provided by General Statutes § 29-37 (b).

When the defendant's plea was entered, the state's attorney explained the factual basis for the plea to the court as follows: The defendant and another man were in the bathroom at the Post Office Cafe in Bridgeport when a loud bang was heard from therein. The bartender entered the bathroom and found a slug in one of the walls. Descriptions of the two men were given to the police, and the defendant and his companion were apprehended at the Brass Guitar in Bridgeport. When he was approached by the police, the defendant stated, "I have a gun." The police then patted him down and found a nine millimeter handgun containing seven bullets in a holster clipped to the defendant's waistband. The defendant was later discovered to possess neither a Bridgeport nor a state of Connecticut permit to carry a pistol.

From these facts, the trial court found that an adequate factual basis existed for the plea. The court canvassed the defendant and found that he had entered his plea knowingly, intelligently and voluntarily. The court then accepted the plea and continued the matter for sentencing.

On December 14, 1989, the defendant appeared before the court for sentencing and, through counsel, argued that the mandatory one year sentence should not be imposed because certain mitigating factors were present. The trial court then indicated that it had found a problem with the case. After reviewing the information contained in the police report, the court vacated the defendant's plea and dismissed the charge "on the grounds that the arrest and the charge in this case came as a result of an illegal search and seizure in violation of the Constitution of the United States of America as well as the applicable section . . . of the Constitution of the State of Connecticut." The court based its conclusion on the fact that the police report indicated that,

after the disturbance at the Post Office Cafe, the defendant's companion stated that he was responsible for the gunshot, yet it was the defendant who was subsequently patted down at the Brass Guitar.

The state immediately excepted to the court's ruling and requested a continuance to show probable cause for the arrest. The court did not accept the state's argument that the court should not have based its ruling solely on the police information report and concluded that it needed no more information on probable cause because "[m]y finding is based upon a lack of an adequate factual basis upon which to accept the plea of guilty and impose a sentence." The court also stated that there was no need for a probable cause hearing because a plea had already been entered. The court then granted the state's motion for permission to appeal. See *State* v. *Tucker*, 23 Conn. App. 559, 583 A.2d 139 (1990). Thereafter, in response to the state's motion for articulation, the court stated that its dismissal was based on the illegality of the defendant's arrest.[1]

On appeal, the state argues that the trial court had no authority to enter a sua sponte dismissal of the information both without a hearing and after the defendant had waived his right not to be arrested without probable cause. We agree.

A trial court can dismiss a prosecution on its own motion only under certain prescribed circumstances. "In the absence of statutory authority, the court has no power of its own motion to dismiss a criminal prosecution unless there is a fundamental legal defect in the information or indictment (such as want of jurisdiction or form of the information), or a constitutional defect such as denial of the right to a speedy trial *or illegal-*

---

[1] The court also held that its ruling did not encompass the unlawful discharge count which the state had nolled. That count is not a part of this appeal.

*ity* of arrest." (Emphasis added.) *State* v. *Carr,* 172 Conn. 608, 610–11, 376 A.2d 74 (1977). The trial court in the present case dismissed the prosecution on its finding that the police lacked probable cause to arrest the defendant and that the arrest was therefore illegal. We are not persuaded, however, that the trial court was empowered to act in that manner after the defendant had waived his rights under the state and federal constitutions not to be arrested without probable cause.

"As a general rule, an *unconditional* plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. . . . Therefore, only those issues . . . which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea are ordinarily appealable after a plea of guilty or nolo contendere." (Citations omitted; emphasis in original.) *State* v. *Madera,* 198 Conn. 92, 97–98, 503 A.2d 136 (1985); see also *State* v. *Satti,* 2 Conn. App. 219, 224, 477 A.2d 144 (1984). Such issues include the violation of the double jeopardy clause, the lack of subject matter jurisdiction and the constitutionality of the statute under which the defendant is charged. *State* v. *Madera,* supra, 98 n.6; see also *State* v. *Gilnite,* 202 Conn. 369, 374 n.4, 521 A.2d 547 (1987).

An *Alford* plea operates as the "functional equivalent" of a plea of nolo contendere. *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). As such, an *Alford* plea has the same legal effect as a plea of guilty or nolo contendere on all further proceedings within the indictment. *State* v. *Rish,* 17 Conn. App. 447, 456, 553 A.2d 1145, cert. denied, 211 Conn. 802, 559 A.2d 1137, cert. denied, 493 U.S. 818, 110 S. Ct. 71, 107 L. Ed. 2d 38 (1989). Therefore, a defendant who has submitted an unconditional plea under the

*Alford* doctrine, like a defendant who has pleaded guilty or nolo contendere without condition, can challenge only the court's jurisdiction or the voluntary and intelligent nature of the plea.

The defendant in the present case, by virtue of his unconditional plea under the *Alford* doctrine, waived his right to challenge the constitutionality of his arrest and subsequent search. "[A]n illegal arrest imposes no jurisdictional barrier to a defendant's subsequent prosecution . . . ." *State* v. *Fleming,* 198 Conn. 255, 262–63, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986). Nor does it impact upon the voluntary and intelligent nature of a defendant's plea. Thus, the trial court in the present case improperly raised an issue which the defendant himself had already waived.

Because we find that the defendant waived his right to contest his arrest and subsequent search, we need not reach the state's claim that it was entitled to an opportunity, as requested, to show probable cause for the defendant's arrest.

The judgment is reversed and the case is remanded with direction to reinstate the defendant's plea and to continue the matter for sentencing.

In this opinion the other judges concurred.