KEITH LAWS *v.* WARDEN, STATE PRISON
(14229)

PETERS, C. J., SHEA, CALLAHAN, GLASS, COVELLO, HULL and BORDEN, Js.

Submitted February 5—decision released May 7, 1991

*James Moreno,* for the petitioner, in support of the motion.

*Steven M. Sellers,* assistant state's attorney, for the respondent, in opposition to the motion.

SHEA, J. In this habeas corpus action, the respondent filed an appeal from the judgment of the habeas court without first obtaining certification by a judge as required by General Statutes § 52-470 (b)[1] for an "appellant" to appeal from a habeas court judgment. The petitioner has moved to dismiss the appeal because no permission to appeal has been obtained and also because the appeal was not filed within the time allowed. The respondent maintains that the prohibition of § 52-470 (b) against taking an appeal from a habeas judgment unless the "appellant" first obtains certification "that a question is involved in the decision which ought to be reviewed" is applicable only to a petitioner.

The principal issue is whether the term "appellant" in the statute refers to the respondent as well as to the petitioner in a habeas corpus proceeding. We agree with the petitioner that § 52-470 (b) imposes a certifi-

[1] General Statutes § 52-470 (b) provides as follows: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

cation requirement upon any party seeking to appeal from a habeas judgment, whether it be the respondent or the petitioner. We point out, however, that Practice Book § 4143 (b) (1) authorizes the "state" to proceed by way of a writ of error after it has been denied certification to appeal. Our ultimate conclusion is that the appeal must be dismissed for lack of jurisdiction. We need not and do not address the second ground of the motion to dismiss, the timeliness of the appeal.[2]

The petitioner was convicted of first degree robbery in violation of General Statutes § 53a-134 after a trial by jury. He was sentenced by the court, *Mulvey, J.,* on November 4, 1983, to an effective sentence of twelve years imprisonment. On February 9, 1990, he filed an amended habeas corpus petition alleging, inter alia, that his trial counsel had thwarted his right to testify in his own defense. Concluding that the petitioner had proved this ground for relief, the habeas court, *Dunn, J.,* on September 20, 1990, ordered his release from custody unless a new trial was held within six months.

Within the ten days allowed by § 52-470 (b), the respondent requested certification to appeal, but the habeas court judge refused to grant it. A motion for

---

[2] The judgment of the habeas court was rendered on September 20, 1990, while the appeal was filed on January 31, 1991, obviously well beyond the time allowed by Practice Book § 4009 for taking an appeal. The respondent contends that the time for taking an appeal pursuant to General Statutes § 52-470 (b) should be measured from January 20, 1991, when its application for certification was finally denied by virtue of the dismissal of its motion for review of the habeas court's refusal to certify. See *State v. Tucker,* 23 Conn. App. 559, 563, 583 A.2d 139 (1990). The petitioner relies upon *LaReau v. Reincke,* 158 Conn. 486, 496, 264 A.2d 576 (1969), in which the court held that the time limit for filing an appeal is not jurisdictional, but also indicated that the proper method of preserving the right to file an appeal, when certification pursuant to § 52-470 (b) is required, is to file a motion for an extension of time with the trial court. Because of our conclusion that we lack jurisdiction of this appeal for reasons unrelated to timeliness, it would be inappropriate for us to address this issue.

review of the denial of certification was presented to the Appellate Court and was dismissed without opinion. Two days later, on January 31, 1991, the respondent filed this appeal in the Appellate Court and the petitioner filed a timely motion to dismiss the appeal. We transferred the case to this court pursuant to Practice Book § 4023 prior to any ruling on the motion to dismiss by the Appellate Court.

The respondent argues that the term "appellant," upon whom the requirement of certification is imposed by § 52-470 (b), must be deemed to refer only to a person who has initiated a "habeas corpus proceeding brought in order to obtain *his* release by or in behalf of one who has been convicted of crime." (Emphasis added.) He maintains that the possessive pronoun, "his," relates to "appellant," thus limiting its meaning to a person seeking the release of a convicted prisoner.

We need not consider whether this textual analysis is more persuasive than one that would relate "his" solely to the phrase "one who has been convicted of crime," because we conclude that the respondent's interpretation is precluded by Practice Book § 4143 (b).[3] This provision of our rules allows the state

---

[3] Practice Book § 4143 (b) provides as follows: "No writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification, except that the state may bring a writ of error where it has been denied certification to appeal in a habeas corpus proceeding pursuant to Gen. Stat. § 52-470 (b) and a petitioner may bring a writ of error in a habeas corpus proceeding requiring certification to appeal where petitioner has been denied certification to appeal and the issues sought to be raised do not present any federal question cognizable by the federal district court, or (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification."

to "bring a writ of error where it has been denied certification to appeal in a habeas corpus proceeding pursuant to Gen. Stat. § 52-470 (b)." The rule resolves the ambiguity of the statute from which this dispute arises and may be regarded as a judicially approved construction of the statute. *Connecticut Light & Power Co.* v. *Public Utilities Control Authority*, 176 Conn. 191, 198, 405 A.2d 638 (1978). If the respondent's contention were sound that § 52-470 (b) applies only to a petitioner seeking to appeal, it would have been wholly unnecessary to allow the state, or a respondent acting in its behalf, to proceed by way of a writ of error after permission to appeal sought pursuant to § 52-470 (b) had been denied. Implicitly the rule contemplates that a respondent seeking to appeal will first request certification, as the statute requires.

The matter before us is an appeal, not a writ of error. We conclude that the inability of the respondent to obtain certification, as required by § 52-470 (b) for any appellant, barred the present appeal. The petitioner's motion to dismiss for lack of jurisdiction to entertain the appeal must be granted.

The appeal is dismissed.

In this opinion the other justices concurred.