[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a decision concerning the respondent's motion to dismiss a petition for habeas corpus relief, which motion was made at the conclusion of the petitioner's case.
The petitioner was arrested and charged with committing the crime of murder. On January 22, 1987, a probable cause CT Page 7174 hearing was held, pursuant to Connecticut General statutes Section 54-46a, to determine whether the petitioner ought to be held to answer to the charge. At that hearing the was represented by Attorney Neil Lieberthal. As a result of the hearing, the trial court found probable cause, and the petitioner was put to plea (Petitioner's Exhibit A, pp. 24 and 25).
On March 2, 1988, he petitioner pled guilty to the murder charge, as well as other offenses, and on April 15, 1988, he received a total effective sentence of twenty-five years confinement. No appeal from this conviction was taken.
On May 31, 1989, the petitioner filed a petition for habeas corpus relief from the confinement which resulted from the murder conviction. This petition, as subsequently amended, alleges several grounds to justify the relief sought, however, at the habeas hearing the petitioner, through counsel, expressly abandoned all claims except for a claim that the petitioner was denied the effective assistance of counsel at the probable cause hearing. The alleged deficiency is that Attorney Lieberthal failed to offer evidence or make an offer of proof that the petitioner was not present at the homicide and that witnesses may have identified the perpetrator as someone other than the petitioner.
The petitioner specifically abandoned any claim that his guilty plea was not intelligently and voluntarily made.
The habeas hearing took place on May 17 and 18 and July 19, 1993. After the petitioner rested, the respondent moved to dismiss the petition on the basis that the petitioner's guilty plea to the murder charge waived any defect which arose at the probable cause hearing under the holding of State v. Niblack, 220 Conn. 270 (1991).
 A.
The general rule is that a guilty plea waives all nonjurisdictional defects antecedent to the entering of the plea, including defects asserting constitutional deprivations, State v. Madera, 198 Conn. 92 (1985), p. 97; State v. Banks, 24 Conn. App. 408 (1991), p. 412. Only defects which implicate the subject matter jurisdiction of CT Page 7175 the court survive a later valid guilty plea, and defects asserting a lack of personal jurisdiction over an accused are waived by a subsequent guilty plea, Reed v. Reincke,155 Conn. 591 (1967), p. 597; State v. Baez, 194 Conn. 612
(1984), p. 616.
This waiver rule applies equally to matters raised by way of direct appeal or by collateral attack, such as through a petition for habeas corpus relief, Dukes v. Warden,161 Conn. 337 (1971), p. 343; Reed v. Reincke, supra, p. 601; Cajigas v. Warden, 179 Conn. 78 (1979), p. 81.
 B.
The first question for the court to resolve is whether or not the waiver rule applies to antecedent defects which arise during the course of a probable cause hearing. This issue was emphatically answered in the affirmative in the case of State v. Niblack, supra, relied upon by the respondent. In that case, the defendant argued that his probable cause hearing was deficient in that he was denied a witness's statement despite a request for production of it; in that the hearing violated the time constraints of section54-46a(b); and in that he was denied the opportunity to present certain evidence at the hearing, Ibid., p. 275. The defendant's subsequent guilty plea was held to waive these challenges to the validity of the probable cause hearing, Ibid., p. 277, because the probable cause hearing only confers personal jurisdiction over a defendant and does not implicate subject matter jurisdiction. Our Supreme Court noted, "`like other defects relating to jurisdiction of the person, any infirmity in the evidence presented at a probable cause hearing is deemed to be waived if not seasonably raised,'" Ibid. Further, the Court stated, "we are not persuaded that a challenge based on this constitutional mandate differs so greatly from any other constitutional challenge to a pretrial proceeding so as to require this court to deviate from the principle that an unconditional plea of guilty, intelligently and voluntarily made, bars the later assertion of a constitutional challenge to a pretrial proceeding," Ibid.
An inescapable implication of the holding in Niblack, supra, is that the ordinary rules regarding waiver of antecedent defects by a subsequent guilty plea apply to CT Page 7176 probable cause hearings.
 C.
Thus, the court must next determine whether or not a claim of ineffectiveness of counsel at an antecedent proceeding is the kind of defect ordinarily waived by a later guilty plea. Our Supreme Court has already addressed this issue, also. In Dukes v. Warden, supra, pp. 343 and 344, the Court held that the waiver rule applies to claims of ineffective assistance of counsel as well as other types of pre-plea, constitutional deficiencies.
Several federal court cases have arrived at the same conclusion. In Siers v. Ryan, 773 F.2d 37 (CA3, 1985), cert. den. 490 U.S. 1026, a federal habeas petitioner attempted to advance a claim that the discontinuity of legal representation resulting from the shifting of his case from one public defender to another during the pre-plea stages of his proceedings denied him the effective assistance of counsel. The petitioner later pled guilty to a robbery charge. The U.S. Court of Appeals held that his subsequent guilty plea barred the raising of the claim of ineffectiveness, Ibid., p. 42.
In U.S. v. Greene, 722 F. Sup. 1221 (E.D. Pa., 1989), a federal defendant pled guilty to mail fraud and later filed a habeas petition attacking this conviction based on a claim that he was deprived of the effective assistance of counsel because his counsel failed to raise search and seizure issues and raise the defense of insanity. At p. 1222, the U.S. District Court held the petitioner's guilty plea "bars petitioner from challenging the constitutional validity of governmental conduct that occurred before the plea was entered."
In U.S. v. Winfield, 960 F.2d 970 (CA11, 1992), a petitioner tried to attack his conviction, following a guilty plea, based on an allegation that his attorney rendered ineffective assistance by failing to file and argue a motion to dismiss based on the expiration of the statute of limitations. At p. 974, fn. 2, the U.S. Court of Appeals regarded this claim as waived by the guilty plea.
In Wilson v. U.S., 962 F.2d 996 (CA 11, 1992), a CT Page 7177 petitioner entered a guilty plea and later filed a federal habeas petition claiming that his attorney provided ineffective assistance regarding certain pre-plea issues. The U.S. District Court refused to conduct a habeas hearing and dismissed the petition. The U.S. Court of Appeals affirmed the District Court stating, "the court did not err in dismissing [the petitioner's] claim, as it involved pre-plea issues, without conducting an evidentiary hearing," Ibid., p. 997.
In Fields v. Maryland, 956 F.2d 1290 (CA 4, 1992), a federal habeas petitioner attempted to overturn his state conviction following his guilty plea. He claimed, inter alia, that he was denied the assistance of counsel at certain critical stages of the proceedings because his public defender was absent during these proceedings. The U.S. District Court dismissed the petition. The U.S. Court of Appeals upheld the dismissal indicating, "[i]t is well-established that a voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivation," Ibid., p. 1294. The Court also noted that because the constitutional deprivation asserted, viz. the denial of the assistance of counsel, occurred before the guilty plea and is unrelated to it, the merits of the petitioner's claims need not be reached, Ibid., p. 1296.
Finally, in Taylor v. Whitley, 933 F.2d 325 (CA. 5, 1991), a federal habeas petitioner attacked his state convictions for murder, armed robbery, and attempted murder, following his guilty pleas, contending, inter alia, that his attorney rendered ineffective assistance by failing to raise a double jeopardy defense. The U.S. Court of Appeals affirmed the U.S. District Court decision denying the petition. The Court of Appeals stated that a "voluntary and intelligent guilty plea does not become vulnerable to habeas corpus review simply because later judicial decisions indicate that the plea rested on a faulty premise or that the legal and factual evaluations of the defendant's counsel were incorrect," Ibid., p. 327.
In that case, the petitioner tried to argue that he would never have pled guilty had he realized or been advised that he had a viable double jeopardy claim. The Court of Appeals rejected this argument stating, "the critical issue CT Page 7178 is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect," Ibid, p. 329 (emphasis added). The Court went on to indicate that the absence of advice regarding the double jeopardy issue "does not affect the voluntary and intelligent nature of his pleas," Ibid., p. 331.
The Taylor case, supra, is significant in that it points out that a guilty plea may be voluntarily and intelligently entered without disclosure by counsel, or the court, of all possible consequences of a guilty plea. What is required is disclosure and advice as to those consequences concerning the nature and substance of the charge to which the plea is made and the trial rights yielded by entering the plea, such as the right to confront and cross-examine witnesses. There is no constitutional right to be advised of other ramifications which a guilty plea might engender, according to the Taylor case, such as the waiver of pre-plea defects.
The federal cases cited above are consistent with and bolster the holding of Duke v. Warden, supra, that a later guilty plea waives claims of ineffectiveness of counsel at earlier proceedings unrelated to the taking of the plea. This court holds that the petitioner's subsequent guilty plea to murder bars his claim of ineffectiveness at the probable cause hearing which resulted in his prosecution on that charge.
For the reasons stated above, the motion to dismiss is granted.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court