[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
FACTS
On September 7, 1990 the defendant was arrested and charged with three counts of sale of narcotics by a non-drug dependent person in violation of Connecticut General Statutes § 21a-278 (b) and one count of possession of marijuana in violation of Connecticut General Statutes § 21a-279 (c). Following his arrest, the defendant was released on bond pending his trial. The defendant's trial commenced on April 22, 1991 CT Page 1708 and continued on various dates until April 30, 1991 at which time he was convicted on all counts. On August 19, 1991, the trial court sentenced the defendant to a total effective sentence of ten years, suspended after five years, with three years probation. On the same date, the trial court set a $50,000.00 appeal bond. The defendant posted the bond and appealed to the Appellate Court.
The defendant appealed certain rulings that the trial court had made during the trial. The State cross-appealed certain rulings of the trial court. The Appellate Court heard the consolidated appeals in State v.John Cecarelli on July 11, 1993. On September 21, 1993 the Appellate Court issued its ruling. State v. Cecarelli, 32 Conn. App. 881 (1993). The Appellate Court issued a remand order to the Superior Court to conduct a post-conviction. hearing in the case to determine whether a witness whom the defendant attempted to call during trial in his case in chief would or could testify without impinging on that witness' privilege against self-incrimination. The outcome of that post-conviction hearing was crucial to determining what further proceedings were to take place in Mr. Cecarelli's cases. The Appellate Court also ordered reinstated certain convictions which the trial court had erroneously dismissed. Mr. Cecarelli has been released on bond since the date of his conviction.
Between September 21, 1993 and the fall of 2000, the State did nothing to provide Mr. Cecarelli with the hearing which the Appellate Court ordered be conducted in order to resolve the issues he raised in his appeal. In the fall of 2000, the State realized that Mr. Cecarelli's case had never been reheard in the Superior Court.
The State at this time nine years after the original conviction and seven years after the post-conviction hearing was ordered by the Appellate Court proposes to hold the post-appeal hearing. The defendant has moved to dismiss the case claiming that a hearing at this time would violate his right to an expeditious adjudication of his case.
DISCUSSION
This review of the defendant's motion begins with the remand order from the Appellate Court. The order issued by Judge Foti on September 21, 1993 reads as follows:
 The case is remanded for a hearing on the witness-informant's invocation of his fifth amendment privileges against self-incrimination. If the witness does not invoke the privilege, or if he improperly invokes it as to relevant questions that, if answered, would provide admissible evidence, the CT Page 1709 judgment is reversed and the case is remanded for a new trial. In the event that a new trial is not necessary, the judgment is reversed and the case is remanded with direction to render judgment of guilty of three counts of sale of cocaine, one count of possession of marijuana, one count of possession of cocaine with intent to sell by a person who is not drug-dependent and one count of possession of cocaine. The court is further directed to combine the counts of possession of cocaine with intent to sell by a person who is not drug-dependent and possession of cocaine, and to sentence the defendant on three counts of sale of cocaine, one count of possession of marijuana and one count of possession of cocaine with intent to sell by a person who is not drug-dependent and one count of possession of cocaine.
The defendant's motion to dismiss for lack of a speedy trial is based largely on the reasoning of the United States Supreme Court in two cases. The first is Barker v. Wingo, 407 U.S. 514 (1972) and the second is Doggett v. United States, 505 U.S. 647 (1992).
The State claims that the defendant's request for a review of his speedy trial rights at this time is premature. The defendant asked for a dismissal relying on Connecticut General Statutes § 54-56 as the authority empowering the court to act on his motion. Connecticut General Statutes § 54-56 states:
 "All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial." [emphasis supplied]
Our Supreme Court has held
 ". . . in the absence of statutory authority, the court . . . has no power of its own to dismiss a criminal prosecution unless there is a fundamental legal defect in the information . . . or a constitutional defect such as the denial as a speedy CT Page 1710 trial . . . ." State v. Carr, 172 Conn. 608, 610-11
(1977).
Carr makes it clear that § 54-56 empowers a Supreme Court to dismiss an information for a constitutional infirmity of the nature claimed by the defendant. The problem facing this court is that the defendant is not attempting to dismiss an information; rather, the defendant is a convicted felon, previously sentenced, who is entitled by an Appellate Court order to a hearing to determine whether his previous conviction should be set aside. The defendant cites State v. Avocollie,178 Conn. 450, (1979) cert. den. 444 U.S. 1015 (1980) for the proposition "that . . . the court has the competence to render dismissals of criminal charges even after convictions have been entered." [See defendant's memorandum of September 27, 2000 at page eight.] However, Avocollie does not deal with the power of the court to dismiss charges. Avocollie is concerned with the right of the judge to set aside a jury verdict. Unquestionably, under proper circumstances, a judge may set aside a criminal jury conviction, even though the Supreme Court reversed the judge's setting aside of the conviction under Avocollie. Avocollie does not deal with the dismissal of cases under § 54-56 for constitutional infirmities.
The instant case has been remanded to this court for a hearing which may result in a new trial. If a new trial is ordered, the court is of the opinion that the defendant would be entitled at that time to raise his speedy trial motion. If a new trial is not ordered, the court would be faced with the question of reviewing an appropriate sentence. This court is not called upon at this time to decide whether the constitutional guarantee of a speedy trial includes a constitutional guarantee of speedy sentencing.
In Barker v. Wingo, the United States Supreme Court sets forth a four part test for determining a denial of the right to speedy trial. That test is a balancing test and includes the following elements:
"the length of the delay;
 the reason which the government assigns to justify the delay;
 the defendant's responsibility to assert his right to a speedy trial; and,
 the prejudice, if any, resulting to the defendant from lack of a speedy trial."
CT Page 1711
Without deciding whether it is directly on point, the court notes thatDoggett v. United States bears at least some similarity to the instant case with regard to the defendant's responsibility to ask for a speedy trial. Mr. Doggett was indicted on Federal drug charges but left the country before he was arrested. Eight and a half years later during a simple credit check of individuals with outstanding warrants, he was arrested. The Supreme Court held that the delay between Doggett's indictment and arrest violated his right to a speedy trial and that his claims met the Barker v. Wingo standard. Doggett v. United States,505 U.S. 647 (1992).
The court holds that the defendant's motion to dismiss which is essentially grounded upon the rationale of Wingo and Doggett is premature and not authorized by § 54-56 when the defendant is a convicted felon whose conviction has not been reversed by the Appellate Court: The court recognizes that the speedy trial claims presently before it may be appropriate for adjudication following the hearing mandated by the Appellate Court in its remand.
The motion to dismiss is denied.
By the Court,
Kevin E. Booth Judge of the Superior Court