[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: AMENDED MOTION TO DISMISS THE AGGRAVATING FACTOR AND TO IMPOSE A LIFE SENTENCE BECAUSE THERE IS INSUFFICIENT EVIDENCE TO JUSTIFY HOLDING A PENALTY HEARING
The defendant, Robert Courchesne ("Courchesne") has filed a Motion toDismiss The Aggravating Factor and to Impose a Life Sentence BecauseThere is Insufficient Evidence to Justify Holding a Penalty Hearing, dated October 22, 2001, accompanied by a memorandum in support of the motion. The State of Connecticut ("State") filed a Memorandum inOpposition to the aforementioned motion on November 6, 2001. The Court heard oral argument on the motion on November 8, 2001.
 Preliminary
The Defendant stands before this court having been convicted of two counts of murder in violation of General Statutes § 53a-54a (a) and two counts of capital felony: the murder of two or more persons in the course of a single transaction in violation of General Statutes §53a-54b (8)and the murder of a person under sixteen years of age in violation of General Statutes § 53a-54b (9).[1] The penalty phase CT Page 15941-gg hearing, pursuant to General Statutes § 53a-46a, is scheduled to begin jury selection.
The State has filed notice of its intent to prove at the hearing the following aggravating factor: that the defendant committed the offense in an especially heinous, cruel or depraved manner pursuant to General Statutes § 53a-46a (i)(4). The defendant has moved this Court to dismiss the aggravating factor alleged by the State. The defendant's motion asserts the following: that the sufficiency of the aggravating factor is subject to judicial review prior to the penalty phase hearing; that the legal standard of proof of an aggravating factor requires proof as to each victim in General Statutes § 53a-54b (8); and, that the evidence is insufficient to establish the aggravating factor as to the victim alleged under both General Statutes § 53a-54 (b)(8) and 53a-54 (b)(9), Antonia Rodgers.
 Factual Background
The defendant was convicted by a three-judge panel (D'Addabbo, J.,West, J. and Cofield, J.) of two counts of murder: the murder of Demetris Rodgers and the murder of her born alive child, Antonia Rodgers. The defendant was also convicted of one count of capital felony, General Statutes § 53a-54b (8), in the murder of two or more persons, (Demetris Rogers and Antonia Rodgers), in the course of a single transaction and one count of capital felony, General Statutes § 53a-54b
(9), the murder of a person under sixteen years of age (Antonia Rodgers). The deaths were caused by the defendant who fatally stabbed Demetris Rodgers, who was nearly nine months pregnant at the time. While Ms. Rodgers was at the hospital, Antonia Rodgers was subsequently delivered. Demetris Rodgers died from the stab wounds inflicted by the defendant on September 15, 1998. The death of Demetris Rodgers deprived oxygen to Antonia Rodgers, causing her death on October 27, 1998.
 I Prior Judicial Review of the Sufficiency of the Aggravating Factor
The defendant requests the Court to conduct a preliminary review of the sufficiency of the evidence underlying the aggravating factor. In support of this request, the defendant relies on State v. McCrary, 97 N.J. 132,478 A.2d 339, 342-344 (1984), a New Jersey case, which upheld a trial court's decision to review the sufficiency of aggravating factors despite the absence of any statutory provision or court rule allowing it to do CT Page 15941-gh so.[2]
The defendant concedes that there are no appellate decisions in Connecticut which permit a trial court to conduct this review.
This Court considered the sources of authority for this type of review by a trial court. These include constitutional, statutory and common law considerations.
 A Constitutional Authority
[T]he primary purpose of this constitutional doctrine is to prevent commingling of different powers of government in the same hands . . . [thus t]he separation of powers doctrine serves a dual function: it limits the exercise of power within each branch, yet ensures the independent exercise of that power, . . . [I]n deciding whether one branch's actions violate the constitutional mandate of the separation of powers doctrine, the court will consider if the actions constitute: (1) an assumption of power that lies exclusively under the control of another branch; or (2) a significant interference with the orderly conduct of the essential function of another branch. . . ." (Internal quotations omitted.) State v. Kinchen, 243 Conn. 690, 698-99, 707 A.2d 1255
(1998).
The prosecution of any criminal case rests with the office of the State's Attorney. In Connecticut, the office of the State's Attorney is in the executive branch of government, not the judicial branch. Conn. Const., article IV. "There can be no doubt that `[t]he doctrine of separation of powers requires judicial respect for the independence of the prosecutor.'" Massameno v. Statewide Grievance Committee,234 Conn. 539, 574, 663 A.2d 317 (1995).
Prosecutors have a "wide latitude and broad discretion in determining when, who, why and whether to prosecute for violations of criminal law." (Internal quotation marks omitted.) State v. Corchado, 200 Conn. 453,460, 512 A.2d 183 (1986). This broad discretion necessarily includes "deciding which citizens should be prosecuted and for what charges they are to be held accountable; Massameno v. Statewide Grievance Committee, supra, 575." State v. Kinchen, supra, 243 Conn. 699. This principle is largely based "on the recognition that the decision to prosecute is particularly ill-suited to judicial review." Id. CT Page 15941-gi
"For these reasons, unless constitutional or other compelling reasons require otherwise, [the Connecticut Supreme Court will] abstain from setting policy for the performance of the prosecutorial function." Statev. Ellis, 197 Conn. 436, 478, 497 A.2d 974 (1985); State v. Haskins,188 Conn. 432, 474, 450 A.2d 828 (1982); State v. Kinchen, supra,243 Conn. 699-701; see also State v. Carr, 172 Conn. 608, 610-11,376 A.2d 74 (1997); State v. Dills, 19 Conn. App. 495, 500, 563 A.2d 733
(1989).
Therefore, this Court finds that the applicable constitutional principles bar this Court from conducting a preliminary review of the sufficiency of the aggravating factor.
 B Statutory Authority
There are no court rules or statutory provisions authorizing Connecticut trial courts to conduct a preliminary review of the aggravating factor(s) and/or to dismiss them. Yet, at the same time, consistent with the constitutional mandates previously discussed, there are specific constitutional, statutory and Practice Book provisions which establish limited judicial oversight of prosecutions.
Hearings in probable cause are conducted by a judge of the superior court and are mandated when any person is charged with a crime or crimes punishable by death or life imprisonment.[3] Arrest warrants for criminal conduct are reviewed and signed by a judge of the superior court. Once probable cause is established by the court, the role of the court to intervene in the prosecution is restricted. Practice Book §41-9 provides that "[n]o defendant who is charged with a crime punishable by death or life imprisonment for which probable cause has been found at a preliminary hearing pursuant to General Statutes § 54-46a or who has been arrested pursuant to a warrant may make a motion under subdivisions (5) [insufficiency of the evidence] or (9) [any other grounds] . . . of Section 41-8 [Motion to Dismiss]."
Practice Book § 41-9 parallels the insufficiency claim that the defendant is pursuing in this case.
General Statutes § 53a-46a (b) provides authority to the State to stop a penalty phase hearing under certain circumstances. Specifically, CT Page 15941-gj General Statutes § 53a-46a provides:
 "For the purpose of determining the sentence to be imposed when a defendant is convicted or pleads guilty to a capital felony, the judge. . . . shall conduct a separate hearing Such hearing shall not be held if the state stipulates that none of the aggravating factors . . . exists. . . ."
The statute does not provide any specific provision for the court to prevent the penalty phase hearing from occurring.
General Statutes § 54-56 is also inapplicable as it relates to an insufficiency claim. A dismissal under this statute is allowed only when no trial has yet been held and where Practice Book § 41-8 is involved.
In this case, the defendant is not seeking to have the capital felony charge dismissed. Instead, he is seeking to prevent the penalty hearing. The defendant is requesting the court to review the aggravating factor evidence, to determine its "sufficiency" and to bar the State from proceeding.
The purpose of General Statutes § 54-56 is to prevent unchecked power by the prosecuting authority. State v. Corchado, supra, 200 Conn. 453. However, there exist checks in place to prevent an overzealous prosecuting authority.
This court finds that no statutory authority exists which creates a mechanism for conducting a preliminary review of the sufficiency of the evidence or to dismiss the aggravating factor.
 C Common Law As Authority
The defendant cites several cases in support of his claim that the court has the authority to conduct a preliminary review of the evidence. Superior Court decisions are influential, but not binding.[4] There is no authority under Connecticut case law which gives the defendant as a matter of right a preliminary review in the penalty phase.
The defendant's reliance upon the New Jersey case of State v. McCrary, supra, 478 A.2d 339, is inapplicable to Connecticut courts. In that jury CT Page 15941-gk case, the New Jersey Supreme Court upheld the trial court's decision to review the sufficiency of aggravating factors even though there did not exist statutory provisions or court rules. It is this "inherent authority's argument that the defendant Courchesne relies upon in this request.
Upon review of the McCrary case, the court utilized the "inherent authority" as a means to conduct a preliminary review of the sufficiency of aggravating factors. However, in New Jersey, prosecutors are required only to provide notice of the aggravating factors, and the New Jersey code contains no requirement for a probable cause determination of whether a homicide case should proceed as a capital case. State v.McCrary, supra, 478 A.2d 343. The New Jersey court found that some judicial oversight is required to ensure that the proceeding contemplated by the prosecutor's notice not be set in motion without justifiable cause. Id., 344.
In contrast, Connecticut has prosecution checks in place and additional judicial oversight is not required to prevent unchecked prosecutorial zeal. Connecticut has a probable cause hearing procedure when a defendant is facing life imprisonment or the death penalty. See General Statutes § 54-46a. In State v. Solek, 242 Conn. 409, 431, 699 A.2d 931
(1997), the Connecticut Supreme Court reversed the trial court's dismissal and noted that it found "no authority", aside from the constitutionally required hearing in probable cause, that entitles a defendant to a preliminary judicial determination of ineligibility for the death penalty.
Because of the prosecutorial checks in place in Connecticut and because of the narrow construction that is applied to our death penalty statute, this court finds that the McCrary analysis is not applicable in this case.
Based upon the grounds raised by the defendant, this Court finds that there exist no specific provisions in the Connecticut Constitution, statutes, rules, or appellate authority to allow for the trial court to conduct a preliminary hearing or to dismiss the aggravating factor(s) prior to the penalty phase hearing.[5]
The specific request for such hearing is denied.
 II Aggravating Factor Application CT Page 15941-gl As to Victim(s) Charge
The defendant's second claim is that each murder in § 53a-54b (8) needs to be aggravated in order for this defendant to be subject to the death penalty. The defendant claims that the State must prove, beyond a reasonable doubt, that the noticed aggravating factor, especially heinous, cruel or depraved (§ 53a-46a (i)(4)), exists as to both murders: Demetris Rodgers and Antonia Rodgers.[6] The defendant contends that previous trial courts which have addressed this claim have consistently found in this manner.
The State claims that the defendant's position and those of the previous trial courts who have ruled in favor of the defendant's position is not appropriate. The Connecticut Supreme Court declined to address this claim in State v. Breton, 235 Conn. 206, 663 A.2d 1026 (1995).[7]
The Court considers this claim in light of applicable statutory construction and review of existing Connecticut capital felony sentencing authority.
Through General Statutes §§ 53a-46a through 53a-46c, the Connecticut legislature has enacted "a three-tiered pyramid" in which each tier narrows the class of defendants that may be found eligible for the death penalty.
"At the first tier . . . [the] statute separates capital felony homicides from other homicides, and authorizes bifurcated death penalty hearings only for those who have been found guilty of or who have pleaded guilty to a capital felony. General Statutes § 53a-46a (b)." State v.Cobb, 251 Conn. 285, 476, 743 A.2d 1 (1999), cert. denied, 531 U.S. 841,121 S.Ct. 106, 148 L.Ed.2d 64 (2000).
"At the second tier, the statute further limits the death penalty by requiring the sentencer to find, beyond a reasonable doubt, the existence of at least one statutory delineated aggravating factor. General Statutes § 53a-46a (b), (e), (f) and (h)." State v. Cobb, supra, 251 Conn. 476;State v. Daniels, 207 Conn. 374, 542 A.2d 306 (1988).
"At the third and final tier, the statute separates, from all cases in which a penalty of death may be imposed, those cases in which it shall be imposed; Zant v. Stephens, [462 U.S. 862, 871, 103 S.Ct. 2733,77 L.Ed.2d 235 (1983)]; by requiring a sentencer to find, by a preponderance of the evidence, whether a mitigating factor exists. General Statutes § 53a-46a (e)."[8] State v. Cobb, supra, 251 Conn. 476-477; StateCT Page 15941-gmv. Ross, 230 Conn. 183, 236-37, 646 A.2d 1318 (1994), cert. denied,513 U.S. 1165, 115 S.Ct. 1133, 130 L.Ed.2d 1095 (1995).
If a mitigating factor is found established by a sentencer, then the aggravating factor is weighed against the mitigating factor. If the sentencer unanimously finds that the aggravating factor outweighs the mitigating factor(s), then the sentencer has found factors which would result in a sentence of death. If the sentencer unanimously finds that the aggravating factor does not outweigh the mitigating factor, the result would be a sentence of life without the possibility of release.
There were nine (9) crimes which were classified as capital felonies at the time of the instant offense. P.A. 01-151 (Sec. 3) eliminated one of the predicate crimes.[9]
In the matter before the Court, the defendant stands convicted of subsection (8): the murder of two or more persons at the same time or in the course of a single transaction; and subsection (9): the murder of a person under sixteen years of age.
At the time of the offense, there were seven possible aggravants in a capital offense.[10] "[The] aggravating [factors] . . . genuinely narrow the class of persons eligible for a death penalty and . . . reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder." State v. Breton,212 Conn. 258, 265, 562 A.2d 1060 (1989), citing Zant v. Stephens, supra, 462 U.S. 877.
When analyzing the capital felony sentencing scheme, statutory interpretation is required. Accordingly, "[c]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily to be resolved in favor of the defendant." (Internal quotation marks omitted.) State v. Jones, 234 Conn. 324, 340, 662 A.2d 1119
(1995); State v. Brown, 235 Conn. 502, 517, 668 A.2d 1288 (1995); Statev. Hinton, 227 Conn. 301, 317, 630 A.2d 593 (1993). "[A]ny statutory construction implicating the death penalty must be based on a conclusion that the legislature has clearly and unambiguously made its intentions known . . . The rules of strict construction and lenity applicable to penal statutes generally are especially pertinent to a death penalty statute such as § 53a-54b." (Citations omitted.) State v. Harrell,238 Conn. 828, 833, 681 A.2d 944 (1996); State v. McGann, 199 Conn. 163,177, 506 A.2d 109 (1986).
When reviewing the capital felony "predicate crimes" enumerated in CT Page 15941-gn General Statutes § 53a-54b, it is apparent that the legislature intended to have extreme murders, or a "murder plus act," qualifying for the imposition of the death penalty. General Statutes § 53a-54b
focuses upon the "murder plus act" by considering either the status of the victim or the status of the defendant. The sections of the statute enumerating death eligible crimes from a victim's status are as follows: a police officer victim (Section 53a-54b (1)), a rape murder victim (Section 53a-54b (7)), a kidnap murder victim (Section 53a-54b (5)), or a victim under the age of sixteen (Section 53a-54b (9)). Similarly, the section(s) of the statute enumerating death eligible crimes from the defendant's status are as follows: a defendant hired to kill (Section53a-54b (2)), a defendant previously convicted of murder (Section 53a-54b
(3)), or a defendant serving a life sentence (Section 53a-54b (4)), or a drug selling defendant with a resulting death (Section 53a-54 (b)(6)). In contrast, General Statutes § 53a-54b (8) focuses upon the act of the killing of two or more persons in a single transaction.
In addressing the aggravating factors, the Court considers the relevant circumstances of the offense or the status of the defendant (General Statutes § 53a-46a (i)). In the case before the Court, the State alleges the aggravating factor as § 53a-46a (i)(4) "that the offense was committed in an especially heinous, cruel or depraved manner. The "offense" at issue in the case before the Court is the "murder of two or more persons in a single transaction." The issue before the Court is whether, pursuant to the language of the capital felony statute, General Statutes § 53a-54b (8) and § 53a-46a (i)(4) require that the aggravating factor apply to each underlying murder.
The aggravating factor, § 53a-46a (i)(4), requires that the "offense" be committed in an especially heinous, cruel or depraved manner. The "offense" is capital felony § 53a-54b which states that "[a] person is guilty of a capital felony who is convicted of . . . (8) murder of two or more persons . . . in the course of a single transaction." The defendant was convicted of capital felony General Statutes § 53a-54b (8), the murder of two . . . persons in the course of a single transaction.
If the aggravating factor is to apply to only one of the two murders, then this Court would be interpreting the statute to allow for the penalty of death to occur when only one murder is aggravated. It is not the legislature's intention to allow for the imposition of the penalty of death with only one aggravated" murder, that is not specifically presented in General Statutes § 53a-54b. CT Page 15941-go
The State of Connecticut argues that in a multiple murder scenario, to require every murder to be aggravated defeats the intention of the legislature when enacting subsection (8) of § 53a-54b. This Court does not interpret the statute to require the aggravation of every murder in a multiple murder scenario, rather, the State must only show that two of the multiple murders are aggravated.
The finding that two of the murders must be aggravated in a multiple murder scenario is consistent with a reading of the statute and does not result in absurd or unworkable results.[11]
When construing the statute, there is an argument that "the transaction" of killing two or more people in the course of a singletransaction falls into the same category as other single murders, such as murder during the course of a sexual assault (§ 53a-54b (7)), or murder during the course of a kidnapping (§ 53a-54b (5), and that the court should treat the two murders as one transaction.
However, this interpretation is not clear or absolute when reviewing the statute. As the Connecticut Supreme Court stated in State v.Harrell, supra, 238 Conn. 828, "[i]t is axiomatic that any statutory construction implicating the death penalty must be based on a conclusion that the legislature has clearly and unambiguously made its intentions known." Id., 833; see also State v. Jones, supra, 234 Conn. 340; Statev. Ross, supra, 230 Conn. 200; State v. Breton, supra, 212 Conn. 268-69.
Under the Connecticut Penal Code, a single aggravated murder is not
subject to the death penalty unless it falls with one of the eight (8) separate offenses (§ 53a-54 (b)(1), (2)(3), (4), (5), (6), (7), and (9)). Under the Connecticut Penal Code, a felony murder and an arson murder are not subject to the death penalty. See State v. Harrell, supra, 238 Conn. 828.
Therefore, to construe General Statutes § 53a-54 (b)(8) as requiring only one murder to be aggravated would seem contrary to what both the legislature and the Supreme Court have indicated previously. If the state's requested interpretation were allowed, that only one murder needs to be aggravated under § 53a-54b (a), it would require this Court to ignore the clear and unambiguous position that a single murder is not elevated to the level of a death penalty case. It is only the clearly enumerated murder plus act(s) which have been codified as capital offenses by the Connecticut legislature. CT Page 15941-gp
In considering all relevant case law and the requirement of strict statutory construction with the capital felony statute as well as Connecticut's conservative capital felony sentencing scheme mandating only intentional murders, and excluding felony murders, arson murders, and individual intentional murders not otherwise specified under the capital felony statute, this Court is left, within that framework, to apply a conservative and strict approach, and require that the aggravating factor must apply to both murders.
This is an issue that deserves to be addressed further, but this Court does not sit as a legislature or a reviewing court. This ruling by the Court is meant only to apply to the defendant Courchesne's hearing as to the capital felony conviction, General Statutes § 53a-54b (8), and does not address the defendant Courchesne's conviction of General Statutes § 53a-54b (9).
 III Sufficiency of the Evidence
The defendant presents to the Court that the State has insufficient evidence to establish that the defendant intentionally inflicted extreme physical or psychological pain or torture on his victims above and beyond that necessarily accompanying the underlying killing.
This Court's ruling concerning the defendant's request for a preliminary hearing addressed this request. The reasoning and basis of that part of the decision is incorporated herein.
The reasoning for the Court's refusal to allow a preliminary hearing to determine the sufficiency of the evidence of the aggravating factor, continues as to a determination of the State's ability or inability to prove the existence of the aggravating factor.
Therefore, the defendant's request to dismiss based upon the sufficiency of the evidence of the aggravating factor is denied.
SO ORDERED.
D'ADDABBO, J.