STATE OF CONNECTICUT *v.* DAVID WILLIAM
SALERNO III
(15178)

Callahan, Borden, Berdon, Katz and Palmer, Js.

Argued September 29—decision released November 7, 1995

---

*Robert S. Bello,* for the appellant (defendant).

*Timothy J. Sugrue,* executive assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,* state's attorney, and *Devin T. Stilson,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, David William Salerno III, was charged with attempted possession of narcotics with intent to sell in violation of General Statutes §§ 53a-49 and 21a-277 (a).[1]

---

[1] General Statutes § 53a-49 provides: "Criminal attempt: Sufficiency of conduct; renunciation as defense. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

"(b) Conduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) of this section unless it is strongly corroborative of the actor's criminal purpose. Without negating the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law: (1) Lying in wait, searching for or following the contemplated victim of the crime; (2) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission; (3) reconnoitering the place contemplated for the commission of the crime; (4) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed; (5) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances; (6) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances; (7) soliciting an innocent agent to engage in conduct constituting an element of the crime.

"(c) When the actor's conduct would otherwise constitute an attempt under subsection (a) of this section, it shall be a defense that he abandoned

During the state's case-in-chief, the defendant moved to dismiss the information on the ground that the conduct of the police in arranging to have an informant make a sale of a large quantity of simulated narcotics to him was so outrageous that it deprived him of his federal and state constitutional right to due process. The trial court denied the defendant's motion to dismiss, indicating that at that time the motion was "premature." After the state rested, the defendant renewed his motion to dismiss. The court again denied the motion and the defendant was ultimately convicted.

On appeal to the Appellate Court, the defendant claimed that the trial court had improperly denied his motion. The Appellate Court declined to review this issue, concluding that the defendant had not presented an adequate record for review. *State* v. *Salerno*, 36 Conn. App. 161, 166, 649 A.2d 801 (1994). We granted certification limited to the question: "Did the Appellate Court properly decline to review the defendant's claim that the trial court should have dismissed the complaint on the grounds of the state's outrageous governmental conduct?" *State* v. *Salerno*, 232 Conn. 906, 653 A.2d 193 (1995).

his effort to commit the crime or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

General Statutes § 21a-277 provides in relevant part: "Penalty for illegal manufacture, distribution, sale, prescription, dispensing. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

After examining the record on appeal and after considering the briefs and arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.