FRANKLIN BROWN *v.* COMMISSIONER OF
CORRECTION
(AC 20996)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*John M. Bailey*, chief state's attorney, *James A. Killen*, supervisory assistant state's attorney, and *Angela Macchiarulo*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals following the denial by the habeas court of his petition for certification to appeal from the court's denial of his petition for a writ of habeas corpus. After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). We therefore dismiss the appeal.

The habeas court's denial of the petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claim that he was denied the effective assistance of counsel and a determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct f[ell] within the wide range of rea-

sonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

In his petition for a writ of habeas corpus, the petitioner claimed that his trial counsel was ineffective in entering his plea because counsel failed (1) to have the petitioner examined for psychological or psychiatric conditions that impaired his ability to understand the charges and proceedings, (2) to request a competency examination prior to his plea, despite requesting a drug and alcohol abuse evaluation prior to sentencing, and (3) to investigate potential defenses, most specifically intoxication and diminished capacity.

Following a hearing and review of the transcript of the plea proceeding, the habeas court found that the petitioner had been charged in two informations with multiple counts of robbery in the first degree, along with other charges, arising from incidents that occurred in Middletown and East Hampton. Due to the strength of the state's case against him[1] and his lengthy criminal record, the petitioner faced a prison sentence in excess of forty years. The assistant public defender who represented the petitioner through the time of his plea had eighteen years of experience. He met with the petitioner at least a dozen times and discussed the defense of intoxication with him, explaining that the defense would be difficult because there were two robberies on different dates. The petitioner's counsel was also of the opinion that the diminished capacity defense would not apply. The petitioner's counsel negotiated a plea bargain with the state. In April, 1998, the petitioner pleaded guilty pursuant to the *Alford* doctrine[2] to two counts of robbery in the first degree with the understanding that he would be sentenced to eight years in prison.

[1] The petitioner confessed, and the state had surveillance videotapes of one of the incidents.

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Until shortly before the plea date, the petitioner exhibited no signs of mental impairment that would have prevented him from assisting counsel or understanding the proceedings against him. Just before the plea hearing, the petitioner informed his counsel that he suffered from blackouts and did not remember committing the crimes, even though he had made incriminating statements to the police. Counsel immediately arranged to have a psychologist evaluate the petitioner. There was, however, no evidence that the petitioner was not competent to plead guilty. The habeas court found that the petitioner responded clearly and intelligently to all questions asked of him at the plea proceeding. A psychologist examined the petitioner subsequent to the plea proceeding. The psychologist's report did not indicate that the petitioner was incompetent or provide any defense for the crimes.

The petitioner wrote to the trial court and made certain allegations about his counsel. Consequently, his public defender withdrew from the case and gave his file, including the psychologist's report, to a special public defender who represented the petitioner at sentencing. He was sentenced to eight years imprisonment in accordance with the plea agreement.

The habeas court concluded that the petitioner failed to meet the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner presented no evidence that his counsel's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in the criminal law. There was no basis for the habeas court to conclude that the petitioner's counsel had reason to believe that he should have requested a competency hearing for the petitioner. The evidence overwhelmingly established that the petitioner had a rational and factual understanding of the proceedings against him and was able

to assist in his defense. A defendant is competent if he is able to understand the proceedings against him or to assist in his own defense. See *State* v. *Wolff*, 237 Conn. 633, 663, 678 A.2d 1369 (1996). Counsel requested a substance abuse evaluation for the petitioner in an effort to get treatment for the petitioner within the department of correction. Furthermore, there was no prejudice to the petitioner because the state's case against him was strong and because he failed to produce any credible evidence that he would have received a better outcome by going to trial than he received pursuant to his plea agreement.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.