STATE OF CONNECTICUT *v.* THOMAS W. GASSER
(AC 22492)

Lavery, C. J., and Foti and Dranginis, Js.

Argued October 24, 2002—officially released January 14, 2003

*John R. Williams*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *George Ferko*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Thomas W. Gasser, appeals from the judgment of conviction rendered by the trial court subsequent to his plea of guilty to the charge of manslaughter in the second degree with a motor vehicle in violation of General Statutes § 53a-56b.[1] On appeal, the defendant claims that the court improperly denied his motion to withdraw his guilty plea because he was denied the effective assistance of counsel during the plea process. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. The defendant was charged with manslaughter in the second

---

[1] General Statutes § 53a-56b (a) provides: "A person is guilty of manslaughter in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes the death of another person as a consequence of the effect of such liquor or drug."

degree with a motor vehicle and failure to drive on the right in violation of General Statutes § 14-230 (a).[2] On December 10, 1999, the defendant withdrew his not guilty plea and pleaded guilty to the charge of manslaughter in the second degree with a motor vehicle.[3] At that time, the defendant was represented by attorney David Lenefsky, a member of the New York bar who had been admitted pro hac vice[4] for the purpose of representing the defendant in the criminal matter. The plea bargain that the state disclosed to the court contemplated a sentence of ten years, execution suspended after seven years, a period of probation, and the right for the defendant to argue for a lesser sentence on behalf of the defense.

Prior to accepting the defendant's plea, the court engaged in a lengthy canvass of the defendant pursuant to Practice Book §§ 39-19 through 39-21. The court read a recital of the facts of the case, and the defendant conceded that he generally knew what the evidence would have been had there been a trial.[5] The defendant

[2] In its memorandum of decision denying the defendant's motion to withdraw the guilty plea, the court found the following facts underlying the plea. "This case involves a two car motor vehicle accident in East Haddam which resulted in the death of the driver of the other vehicle. The defendant, operator of his vehicle, was removed from his truck by a witness who told police that the vehicle 'reeked' of alcohol. The defendant was flown by Life Star helicopter to Hartford Hospital for treatment. A treating physician at the hospital noticed a distinct odor of alcohol on the defendant's breath. Records later obtained from the hospital showed that the defendant had a blood alcohol level of 0.18 [percent]. The state's investigation determined that the vehicle operated by the defendant had veered into the opposite lane, striking the victim's vehicle head on."

[3] The court subsequently dismissed the charge of failure to drive on the right.

[4] Practice Book § 2-16 provides in relevant part: "An attorney who is in good standing at the bar of another state . . . may, upon special and infrequent occasion and for good cause shown upon written application presented by a member of the bar of this state, be permitted in the discretion of the court, to participate to such extent as the court may prescribe in the presentation of a cause or appeal in any court of this state . . . ."

[5] The defendant stated that he had no memory of the accident and that he had heard rumors that the victim suffered a heart attack while driving.

acknowledged that at the time of his canvass, he was not under the influence of any alcohol, drugs or medication. Additionally, the court reviewed the elements of manslaughter in the second degree with a motor vehicle, as well as the rights that the defendant waived by pleading guilty. The court informed the defendant that he would not be able to withdraw his plea without permission. The defendant acknowledged that he was pleading guilty of his own volition and that no one had forced him to do so. The court accepted the plea after concluding that it was entered into knowingly and voluntarily, and was made with the assistance of competent counsel.

On March 3, 2000, prior to the sentencing hearing, attorney John R. Williams, a member of the Connecticut bar, filed an appearance on behalf of the defendant. On the same day, the defendant filed a motion to withdraw the plea and claimed that he had been denied the effective assistance of counsel.

After conducting an evidentiary hearing, the court denied the defendant's motion. Specifically, the court found that Lenefsky's representation did not fall below an objective standard of reasonableness and that the defendant voluntarily had pleaded guilty. The court thereafter rendered judgment of guilty and sentenced the defendant to a period of incarceration of ten years, suspended after five years, with five years of probation with special conditions. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendant renews his claims that the court improperly denied his motion to withdraw his

Both the court and attorney Lenefsky told him that this rumor was "wishful" thinking on the defendant's part. The office of the chief medical examiner issued an autopsy report that concluded that multiple blunt force trauma caused the death of the victim. The defendant conceded that if there had been a trial, he would have been convicted.

guilty plea, which motion he made pursuant to Practice Book § 39-27 and in which he asserted that he had been denied the effective assistance of counsel.[6] The defendant claims that Lenefsky's representation fell below the range of competence of a lawyer with ordinary training in the field of criminal law. Specifically, the defendant argues that Lenefsky (1) failed to conduct an adequate investigation of the facts of the case, (2) failed to obtain a full accident reconstruction by an independent expert, (3) failed to communicate to him the availability of an expert who would testify that the accident was not caused by the defendant and (4) excessively pressured him into pleading guilty. We disagree.

At the outset, we must identify the applicable standard of review and set forth the legal framework that guides our resolution of the defendant's appeal. "[O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Citation omitted; internal quotation marks omitted.) *State* v. *Andrews*, 253 Conn. 497, 505–506, 752 A.2d 49 (2000). "We further note the pertinent case law applicable to ineffective assistance of counsel claims brought under Practice Book § 39-27 (4). Our case law holds that [a] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results

---

[6] Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea after acceptance are . . .

"(4) The plea resulted from the denial of effective assistance of counsel . . . ."

in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.) *State* v. *Nelson*, 67 Conn. App. 168, 177, 786 A.2d 1171 (2001); *State* v. *Gray*, 63 Conn. App. 151, 161–62, 772 A.2d 747, cert. denied, 256 Conn. 934, 776 A.2d 1151 (2001).

"In choosing to plead guilty, the defendant is waiving several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. . . . These considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences. . . . We therefore require the record affirmatively to disclose that the defendant's choice was made intelligently and voluntarily." (Citations omitted; internal quotation marks omitted.) *State* v. *Andrews*, supra, 253 Conn. 503. With those principles in mind, we now address the defendant's arguments.

A

The defendant first argues that Lenefsky failed to conduct an adequate investigation into the facts of the case. The defendant claims an adequate investigation by Lenefsky was of particular importance in this case because the defendant had no recollection of the accident. We have previously noted the United States Supreme Court's cautionary advice in *Strickland* v.

*Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [defendant] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [defendant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction,* 66 Conn. App. 598, 601, 785 A.2d 1143 (2001).

At the evidentiary hearing, Lenefsky testified that he had numerous discussions with the defendant and his family. He stated that he reviewed the materials that he obtained during pretrial discovery, including various police and medical reports, as well as statements from witnesses. Lenefsky discussed the case with medical experts and engineers. As part of his investigation, Lenefsky went to and examined the accident scene and obtained a psychiatric evaluation for the defendant. He utilized local counsel to assist with Connecticut procedure and reviewed the relevant statutes. On the basis of that conduct, we agree with the court that

Lenefsky's actions in investigating the accident involving the defendant did not fall below an objective standard of reasonableness.

## B

The defendant next argues that Lenefsky failed to obtain an independent accident reconstruction expert. Lenefsky, however, utilized an expert witness to review the state's report detailing the accident, although he did not want the expert to produce a written report.[7] After reviewing the information with the expert, Lenefsky concluded that although he would be able to attack the state's accident report at trial, ultimately, that was, on the basis of his experience, not a triable issue. On the basis of that evidence, we conclude that the court properly found that Lenefsky's actions did not fall below an objective standard of reasonableness.

## C

The defendant next argues that Lenefsky failed to communicate to him the availability of an expert who would testify that the defendant did not cause the accident. The defendant initially testified that Lenefsky never informed him that it would be possible to obtain an accident reconstruction expert who would testify that the accident was not the defendant's fault. Later, the defendant stated that he and Lenefsky did in fact discuss the possibility of hiring such an expert.[8] The

---

[7] The defendant's legal expert testified that he would not have unfavorable findings from an expert reduced to writing because they "would have to be disclosed to the opposing party."

[8] The following colloquy occurred between the defendant and defense counsel during the evidentiary hearing on the motion to withdraw the defendant's guilty plea:

"Q. Did attorney Lenefsky ever tell you that it would be possible or might be possible that even it might be possible to find an expert who would say, like, the accident happened in your lane of travel, not the [victim's] lane? Did he ever tell you that?

"A. No, he never did.

"Q. Did he ever discuss that either such a thing could be done?

"A. No, he didn't. When he discussed it . . . I brought it up. That's the only time we ever talked about [an] investigation team."

court, in its memorandum of decision, did not address whether the defendant and Lenefsky discussed the possibility of using an expert witness to testify. The state asserts that the record, therefore, is inadequate for review of the defendant's argument. We agree with the state and do not address the claim.

It is the duty of the defendant in this case to provide us with an adequate record to review his claims. Practice Book §§ 60-5 and 61-10. "A lack of pertinent factual findings and legal conclusions will render a record inadequate. . . . Similarly, ambiguity in a record can render it inadequate." (Citation omitted.) *State* v. *Salerno*, 36 Conn. App. 161, 165, 649 A.2d 801 (1994), appeal dismissed, 235 Conn. 405, 666 A.2d 821 (1995). We cannot speculate as to the factual determination of whether Lenefsky failed to communicate to the defendant the possibility of obtaining an accident reconstruction expert. We therefore decline to review the claim because the defendant has not presented an adequate record for its review.

## D

The defendant's final argument is that Lenefsky excessively pressured him into entering a plea of guilty. At the plea hearing, the following colloquy occurred between the court and the defendant:

"The Court: No one's forcing you to plead guilty by use of a threat or intimidation or anything like that?

"[Defendant]: No.

"The Court: This is your choice to resolve the case in this way?

"[Defendant]: Yes.

* * *

"The Court: . . . But do you have any reason to disbelieve the advice of your attorney, which, obviously—

"[Defendant]: No.

"The Court:—is to resolve this case, on the best terms you can, by agreement.

"[Defendant]: I have no question about it."

"It is well established that [a] trial court may properly rely on . . . . the responses of the [defendant] at the time [he] responded to the trial court's plea canvass . . . ." (Internal quotation marks omitted.) *State* v. *Silva*, 65 Conn. App. 234, 252, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001). Moreover, during the evidentiary hearing, the defendant testified that Lenefsky did not intimidate him into pleading guilty. We conclude, therefore, that the court did not abuse its discretion when it found that Lenefsky did not excessively pressure the defendant into pleading guilty.

On the basis of the record before us, including the testimony from the evidentiary hearing, we are unable to conclude that the court abused its discretion when it found that Lenefsky's actions did not fall below an objective standard of reasonableness.

The judgment is affirmed.

In this opinion the other judges concurred.