[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION WRIT OF ERROR CORAM NOBIS
In this proceeding, the petitioner, Franklin Brown, is "praying a writ of coram nobis." Motion For Writ of Coram Nobis. [101.]
The named respondent, the State of Connecticut, has filed a Motion to Dismiss Motion for Writ of Error Coram Nobis, January 25, 2001. [105.]
The petitioner has filed a Motion to Strike the State's Motion to Dismiss. Motion To Strike, March 23, 2002, filed March 26, 2002. [142.]
A writ of coram nobis is judicially defined:
A writ of error coram nobis is an ancient common law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. Montville v. Alpha Mills Co., 86 Conn. 229,233, 84 A. 933 (1912). See Hurlbut v. Thomas, 55 Conn. 181, 182, 10 A. 556
(1887); Jeffrey v. Fitch, 46 Conn. 601, 604 (1879).
State v. Grisgraber, 183 Conn. 383, 385 (1981). See also, State v.Henderson, 259 Conn. 1, 3 (2002).
Petitioner Brown was sentenced on June 23, 1998 in this court (Higgins, J.) to serve eight years in prison. Petitioner had been charged in two separate cases. The information in each had three counts. In each information, petitioner was charged with two counts of robbery in the first degree and larceny.[1] A plea agreement was reached. Petitioner plead guilty under the Alford doctrine to the second count of the information in each case, that is, to robbery in the first degree in violation of C.G.S. § 53a-134 (a)(4).[2] He was sentenced to serve eight years on each of the two charges; the sentences to run concurrently. The total effective sentence was eight years to serve. CT Page 2696
In his complaint, petitioner states:
2. My imprisonment is illegal for the following reason below:
2a. Clerical and factual mistakes, and omissions.
2b. I was deprived of defense because of incompetences or inadequacy of counsel.
2c. Petitioner's insanity or mental incompetence; intoxication and drug addiction.
3. Guilty plea under duress, mistake and ignorance.
4. The clerical mistakes and omissions limited my ability to argue at the hearing on the writ of habeas corpus. The evidence to back up my complaint is in the original court reporter notes and the recording of the clerk. The court reporter omissions are prejudicial to petitioner. And violate the court reporter Act.
Motion for Writ of Error Coram Nobis. [101]
The purpose and scope of the writ of error coram nobis is well defined:
A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. State v. Poierier, 212 Or. 369,320 P.2d 255 (1958), overruled on other grounds, State v. Endsley,214 Or. 537, 331 P.2d 338 (1958); 18 Am.Jur.2d, Coram Nobis 12. Thus, such a writ has been held not to be available when a proper remedy is afforded by an appeal; Barber v. United States, 142 F.2d 805 (4th Cir.), cert. denied, 322 U.S. 741, 64 S.Ct. 1054, 88 L.Ed. 1574 (1944); or by a motion in arrest of judgment. People v. Sadness, 300 N.Y. 69, 89 N.E.2d 188
(1949), cert. denied, 338 U.S. 952, 70 S.Ct. 483, 94 L.Ed. 587 (1950). Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie. State v. Becker, supra; State v.Huffman, 207 Or. 372, 297 P.2d 831 (1956), overruled on other grounds,State v. Endsley, supra; Houston v. State, 7 Wis.2d 348, 96 N.W.2d 343
(1959).
State v. Grisgraber, 183 Conn. 383, 385 (1981).
The court considers first petitioner's claims regarding the (1) the alleged incompetence or inadequacy of his trial counsel, and, (2) petitioner's alleged insanity or mental incompetence, intoxication and CT Page 2697 drug addiction. Motion For Writ Of Error Coram Nobis, ¶¶ 2b, 2c, and 3. These claims were the subject of a previous habeas corpus proceeding.
In the prior habeas proceeding, petitioner claimed his trial counsel was ineffective. He was unsuccessful in the trial court. On appeal the denial of the writ was affirmed. Franklin Brown v. Commissioner ofCorrections, 66 Conn. App. 872 (November 13, 2001).
The habeas court concluded that the petitioner failed to meet the two pronged test set forth in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner presented no evidence that his counsel's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in the criminal law. There was no basis for the habeas court to conclude that the petitioner's counsel had reason to believe that he should have requested a competency hearing for the petitioner.
We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.
Brown v. Commissioner of Correction, 66 Conn. App. 872, 875 (November 13, 2001).
Petitioner's claim of ineffective assistance of counsel was rejected in that prior habeas corpus proceeding.
Petitioner also claims his incarceration is illegal because of his insanity or mental incompetence, intoxication and drug addiction. Motion for Writ of Error Coram Nobis, ¶ 2c. [101]
Like claims were made and rejected in the prior habeas corpus proceeding.
Until shortly before the plea date, the petitioner exhibited no signs of mental impairment that would have prevented him from assisting counsel or understanding the proceedings against him. Just before the plea hearing, the petitioner informed his counsel that he suffered from blackouts and did not remember committing the crimes, even though he had made incriminating statements to the police. Counsel immediately arranged to have a psychologist evaluate the petitioner. There was, however, no evidence that the petitioner was not competent to plead guilty. The habeas court found that the petitioner responded clearly and intelligently to all questions asked of him at the plea proceeding. A psychologist examined the petitioner subsequent to the plea proceeding. CT Page 2698 The psychologist's report did not indicate that the petitioner was incompetent or provide any defense for the crimes.
Brown v. Commissioner of Correction, 66 Conn. App. 872, 875 (November 13, 2001).
The evidence overwhelmingly established that the petitioner had a rational and factual understanding of the proceedings against him and was able to assist in his defense. A defendant is competent if he is able to understand the proceedings against him or to assist in his own defense. See State v. Wolff, 237 Conn. 633, 663, 678 A.2d 1369 (1996). Counsel requested a substance abuse evaluation for the petitioner in an effort to get treatment for the petitioner within the department of correction. Furthermore, there was no prejudice to the petitioner because the state's case against him was strong and because he failed to produce any credible evidence that he would have received a better outcome by going to trial than he received pursuant to his plea agreement.
Brown v. Commissioner of Correction, 66 Conn. App. 872, 875-76
(November 13, 2001).
Petitioner's claims regarding his guilty pleas being illegal because of his alleged insanity, mental incompetence, intoxication and/or drug addiction were presented, considered and expressly rejected in the prior habeas proceeding.
Of greater significance here is the rule that claims of (1) ineffective assistance of counsel and (2) of mental incapacity at the time of plea ("petitioner's insanity or mental incompetence intoxication and drug addiction") may be pursued in a habeas corpus proceeding, as petitioner here did. "[W]hen habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." State v. Grisgraber,183 Conn. 383, 385 (1981).
Again, "[W]hen habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." [Citations omitted.] State v.Grisgraber, 183 Conn. 383, 385 (1981). That principle is not abrogated because a writ of habeas corpus is denied on substantive grounds. Since the prior habeas corpus proceeding would have afforded a proper and complete remedy if there were merit to petitioner claims, the writ of error coram nobis is not available to petitioner here.
Petitioner also states his confinement is illegal because his "[g]uilty plea under duress, mistake, and ignorance." Motion for Writ of Error Coram Nobis, ¶ 3. [101.] Such claims are properly the subject of a habeas CT Page 2699 proceeding. Wojculewicz v. Cummings, 143 Conn. 624 (1956). It follows that the judgments-sentences in petitioner's criminal cases cannot be disturbed in this coram nobis proceeding even if they were based on guilty pleas which were the result of duress, mistake and/or ignorance.
Petitioner also claims his confinement is illegal because of "clerical and factual mistakes, and omissions." Motion for writ of error coram nobis, ¶ 2a. [101.] Petitioner expanded:
4. The clerical mistakes and omissions limited my ability to argue at the hearing on the writ of habeas corpus. The evidence to back up my complaint is in the original court reporter notes and the recording of the clerk. The court reporter omissions are prejudicial to petitioner. And violate the court reporter Act.
Id., ¶ 4.
It is hard to fathom what petitioner is driving at in these allegations. The allegations do not state or describe the facts he claims "if true, not appearing in the record, would show that [the judgments in his criminal cases] [were] void or voidable."
Petitioner's failure to set forth the facts upon which he relies, i.e., the specific "facts, not appearing in the record, which if true, would show that such judgment was void or voidable" is sufficient grounds for denying the writ of coram nobis.
The dockets in the underlying criminal cases show that the court, Part B, on November 10, 1997 ordered the cases transferred to Part A as of November 25, 1997. In Part A on November 25, 1997, long form informations were filed in each case. Petitioner entered not guilty pleas to all counts in both cases. Attorney Christopher James, a public defender, was appointed to represent petitioner. The cases were continued to December 12, 1997.
The dockets do not show any further in court activity in the cases until April 7, 1998.[3] On that day petitioner entered plead guilty under the Alford doctrine to the second count of the information in each case. Thus, in each case he plead guilty to one count of robbery in the first degree in violation of C.G.S. § 53a-134 (a)(4)
The files do not show petitioner filed any motions, requests, etc., before on or before April 7, 1998 when he withdrew his not guilty pleas and plead guilty to two charges. CT Page 2700
On April 7, 1998, during the plea proceedings, the state's attorney summarized the facts and evidence for each charge.
In CR 9-144212, petitioner was charged with a robbery of the Dairy Mart Store in Middletown on September 6, 1997 at approximately 11:40 p.m. Christine Kreibel, the clerk on duty was confronted by a black male wearing a camouflage hat and an army-type coat. The black male pulled out a black gun, possibly a semiautomatic, and pointed it at Kreible and told her to take all the money out of the cash register. Petitioner admitted to the robbery in a written statement and said he had a black BB gun which a Barry Marchinkowski had given him.
In CR 9-144256, petitioner was charged with a robbery of the Food Bag Convenience Store in East Haddam on October 7, 1997. Theresa Owens, the clerk on duty was confronted shortly after midnight by a black male with a gray or black colored handgun which he pointed at Owens. The male told Owens to give him all the money now. Owens described the black male as being in his twenties or thirties, wearing dark pants and a green camouflaged coat and a green camouflaged jungle type hat with a wide brim pulled down over the facial area.
Later a Barry Marchikowski told police he was with the petitioner just before and after the robbery. At his house, Marchinkowski handed over to police a camouflage jungle hat, a camouflage jacket, and a Marksman Repeater BB pistol. Marchinkowski told the police petitoner had used these items in the course of the robbery.
Petitioner was shown still photographs from a surveillance video of the robbery. Petitioner admitted he was the person in the photographs and identified the clothing he was wearing.
Barry Marchinkowski told police petitioner was the person involved in the two robberies. Marchinkowski was with petitoner just before and after the robberies. The clothes petitioner wore during the robberies and the gun were at Marchinkowski's apartment.
Later, the Marksman Repeater was recovered from Barry Machinkowski, tested and found capable of firing a shot. C.G.S. § 53a-134 (a)(4).
Soon after the recitation of the facts and evidence summarized above, and during the pleas canvass, the court asked petitioner "why you have decided to plead guilty?" Petitioner answered: "Because the state got so much evidence against me. I feel if I go to trial I'll lose." Transcript of Proceedings, April 7, 1998, p. 5. CT Page 2701
Petitioner has filed many motions, etc., in connection with petition for a writ of coram nobis. He apparently would like to show at a hearing on his petition for a writ of coram nobis some facts which he claims would make the underlying sentences void or voidable.
From the various filings petitioner has made in this case, it is evident that petitioner views this coram nobis proceeding as a means for making a top to bottom challenge to all aspects of the events which lead to the prosecution of his cases, including, but not limited to the police investigation; the competency and/or credibility of the witnesses that might have been called by the state if there had been a trial; petitioner's mental capacity at the time (1) of the commission of the two robberies, (2) he made incriminating statements to the police, and, (3) at the time of his guilty pleas; the effect of police threats and promises made to induce his incriminating statements; illegal and unconstitutional police conduct including Frank's violations in obtaining warrants and illegal entries while executing warrants; the ability/inability of the gun used in the robberies to discharge a shot. These are but some of the claims petitioner's filings evince.
Petitioner has described or characterized this coram nobis proceeding as follows:
This is a coram nobis filed by Franklin Brown, seeking relief from his illegal confinement based on violation of the Fourth Amendment knock and announcement, invalid warrant due to false statements to create probable cause, insanity at the time of the offense and incompetent or inadequate counsel.
Brief in Support of Motion to Compel, April 9, 2002, Statement of the Case, p. 1. [149.]
Petitioner ignores, and would have the court ignore, a vital fact: The petitioner plead guilty to the charges upon which he was sentenced and for which he is now incarcerated. The effect of the guilty pleas should be fatal to petitioner present claims.
The law is clear. A guilty plea is a waiver of most defenses, even constitutional defenses.
A plea of nolo contendere is a waiver of all nonjurisdictional defects, including federal constitutional claims, which might otherwise be raised by way of defense, appeal or collateral attack. United Statesv. Warden of Attica State Prison, 381 F.2d 209, 212 (2d Cir. 1967); Dukesv. Warden, 161 Conn. 337, 343, 288 A.2d 58 (1971), aff'd., 406 U.S. 250, CT Page 270292 S.Ct. 1551, 32 L.Ed.2d 45, reh. denied, 407 U.S. 934, 92 S.Ct. 2464,32 L.Ed.2d 817 (1972); Consiglio v. Warden, 160 Conn. 151, 166,276 A.2d 773 (1970).
[Footnote omitted]. State v. Martin, 197 Conn. 17, 25 (1985).
The guilty plea is a waiver of constitutional rights — a waiver of nonjurisdictional defenses . . .
Consiglio v. Warden, 160 Conn. 151, 166 (1970).
As a general rule, an unconditional plea of guilty or nolo contendere,[5] intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. Tollett v.Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235
(1973); Parker v. North Carolina, 397 U.S. 790,90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson,397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v.United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970);State v. Martin, 197 Conn. 17, 25, 495 A.2d 1028 (1985); Consiglio v.Warden, 160 Conn. 151, 166, 276 A.2d 773 (1970). Therefore, only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea are ordinarily appealable after a plea of guilty or nolo contendere. Boykin v. Alabama, 393 U.S. 238 393 U.S. 238, 243,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Codek, 182 Conn. 353, 357,438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S.Ct. 1741,68 L.Ed.2d 226 (1981); see also Practice Book 712.
[Footnotes omitted]. State v. Madera, 198 Conn. 92, 97 (1985).
It is well established that "an unconditional plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings . . . Therefore, only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea are ordinarily appealable . . .
(Emphasis and citations omitted.) State v. Madera, 198 Conn. 92,97-98, 328 503 A.2d 136 (1985). State v. Kelley, 206 Conn. 323, 327
(1988).
The general rule is that, absent a statutory exception, a plea of CT Page 2703 guilty or nolo contendere constitutes a waiver of all defects in the prosecution except those involving the canvass of the plea and the court's subject matter jurisdiction. See, e.g., McMann v. Richardson, 397 U.S. 759,90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Lott v. United States, 367 U.S. 421,81 S.Ct. 1563, 6 L.Ed.2d 940 (1961); State v. Madera, 198 Conn. 92, 97,503 A.2d 136 (1985).
State v. Reddick, 224 Conn. 445, 451 (1993).
These authorities are clear. Petitioner waived all claims made in this proceeding if his pleas were voluntary and intelligently made.[4] But, petitioner's claims, or at least some of them could be taken as claiming petitioner guilty pleas were not voluntary and/or intelligently made.
Petitioner lost his previous habeas corpus. The question is whether that judgment against petitioner has res judicata effect here. In that proceeding petitioner clearly claimed ineffective assistance of counsel as he does here. And, ordinarily, the doctrine of res judicata would bar not only those claims actually raised and litigated but also all claims which could have been raised. However, in the context of habeas corpus relating to a criminal conviction, there may be a relaxation of the normal res judicata bar. Thorpe v. Commissioner of Correction, 73 Conn. App. 773,778 (2002). Note — see particularly note 7.
The court here takes no position on whether all or any of petitioner's present coram nobis is barred by the prior judgment rendered against him in the habeas corpus.
It may be that petitioner is claiming in this coram nobis proceeding that the assistance rendered by his counsel was so deficient that his pleas were neither voluntary nor intelligently made. Recently, the Appellate Court again recognized that a defendant's guilty plea may not be voluntary and/or intelligently made if the plea resulted from the ineffective assistance of counsel. The Appellate Court stated:
A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law.
. . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance. CT Page 2704
(Internal quotation marks omitted.) State v. Nelson, 67 Conn. App. 168,177, 786 A.2d 1171 (2001); State v. Gray, 63 Conn. App. 151, 161-62,772 A.2d 747, cert. denied, 256 Conn. 934, 776 A.2d 1151 (2001).
State v. Gasser, 74 Conn. App. 527, 532 (January 14, 2003).
According to Gasser, petitioner would have to establish that (1) his counsel had not adequately considered, investigated or otherwise explored the claims petitioner has indicated he intends to raise in this coram nobis proceeding, and (2) that such failure made counsel's assistance below the range of competence displayed by lawyers with ordinary training and skill in criminal law. Finally, to prevail, petitioner must prove that the ineffective assistance he claims was so interrelated with his guilty pleas that his guilty pleas were not voluntary and intelligent.[5]
Even though petitioner may have a viable claim regarding counsel's performance which would negate the voluntariness of his guilty pleas and similarly would negate a finding they were intelligently made, it does not avail petitioner in this coram nobis proceeding.
Basically, petitioner's asserts an ineffective assistance of counsel claim. As stated above, such claims are generally made pursuant to a petition for a writ of habeas corpus. Since habeas corpus affords an adequate remedy, coram nobis does not lie.
Further, petitioner's ineffective assistance of counsel claims could have been raised by timely moving to withdraw his guilty pleas. P.B. §§ 39-26, 39-27, 39-28. A guilty plea resulting from the denial of the effective assistance of counsel is specifically set forth as a grounds for the withdrawal of a guilty plea. P.B. § 39-27 (4).
For the foregoing reasons, petitioner's resort to coram nobis was improper. The state is entitled to a dismissal.
This proceeding seeking a writ of coram nobis is dismissed.
Parker, J.