STATE OF CONNECTICUT *v.* MAURICE NELSON
(AC 23270)

Schaller, Dranginis and Bishop, Js.

Argued February 18—officially released April 29, 2003

*David B. Rozwaski*, special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *James Bernardi*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Maurice Nelson, appeals from the judgment of the trial court, rendered after he entered a plea of guilty under the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55 (a) (3) and 53a-55a (a). On appeal, the defendant claims that the court improperly denied (1) his counsel's motion to withdraw and (2) the defendant's motion to withdraw the guilty plea. We affirm the judgment of the trial court.

The defendant initially was charged with murder in violation of General Statutes § 53a-54a, attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a, and assault in the first degree in violation of General Statutes § 53a-59 (a) (1) in connection with the shootings of George Adolphe and Roxanne Harrison Nelson, the defendant's wife. Roxanne Harrison Nelson survived the assault and named the defendant as the individual who shot her and Adolphe. The defendant subsequently pleaded guilty to manslaughter in the first degree with a firearm. Pursuant to the terms of the plea

agreement, the defendant was sentenced to a term of thirty-five years imprisonment, with five years as a mandatory minimum, to run concurrently with the sentence he was to receive in New York for a homicide. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied his counsel's motion to withdraw. We decline to review that claim.

"It is well established that an unconditional plea of guilty, made intelligently and voluntarily, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. . . . In general, the only allowable challenges after a plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction." (Citation omitted.) *State* v. *Johnson*, 253 Conn. 1, 80, 751 A.2d 298 (2000).

"An *Alford* plea operates as the functional equivalent of a plea of nolo contendere. . . . As such, an *Alford* plea has the same legal effect as a plea of guilty or nolo contendere on all further proceedings within the indictment. . . . Therefore, a defendant who has submitted an unconditional plea under the *Alford* doctrine, like a defendant who has pleaded guilty or nolo contendere without condition, can challenge only the court's jurisdiction or the voluntary and intelligent nature of the plea." (Citations omitted; internal quotation marks omitted.) *State* v. *Banks*, 24 Conn. App. 408, 412–13, 588 A.2d 669 (1991).

The defendant, by pleading guilty under the *Alford* doctrine, waived his right to challenge the court's denial of his counsel's motion to withdraw, as the claim does

not challenge the court's jurisdiction or the voluntariness of the plea.

## II

The defendant next claims that the court improperly denied his motion to withdraw his guilty plea. Specifically, the defendant claims that his guilty plea was not made voluntarily and knowingly because "the problems he was having with his representation" impacted his ability "to have a proper defense prepared and to prove his innocence." We disagree.

The following facts and procedural history are relevant to our resolution of the defendant's claim. During jury selection, the defendant, through his attorney, sought a continuance of his case because he did not believe that his case had been investigated sufficiently by his attorney. In the alternative, the defendant sought to have the court assign him a new attorney. The court, in response, found that the defendant's attorney was performing adequately and denied the request.

On May 18, 2001, the defendant filed a grievance with the statewide grievance committee, claiming that his attorney (1) discriminated against him because of his race and ethnicity, (2) was best friends with the prosecutor, (3) was conspiring with the prosecutor to lose the case, (4) threatened him to plead guilty, (5) intentionally selected a mostly white jury and (6) failed to investigate the case adequately. Thereafter, defense counsel filed a motion to withdraw as counsel. Following a hearing on the motion and after counsel stated that he was competent to continue to act as the defendant's counsel, the court denied the motion, finding that the defendant's claims in his grievance were without basis.

On the following day, the defendant entered into a plea agreement with the state. The court canvassed the defendant, and, finding that the plea had been entered

into voluntarily and knowingly, accepted the plea. On June 22, 2001, the defendant filed a motion to withdraw his guilty plea, claiming that he was innocent and that his attorney was ineffective. Following a hearing, the court denied the motion, finding that the defendant's claims were conclusory and unsupported by the facts.

"[O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Internal quotation marks omitted.) *State* v. *Gasser*, 74 Conn. App. 527, 531, 812 A.2d 188, cert. denied, 262 Conn. 954, 818 A.2d 781 (2003).

It is the defendant's contention that the court should have permitted him to withdraw his plea because of the "problems he was having with his representation." The court's canvass of the defendant, however, reveals that he was satisfied with the representation that he had received.[1] "It is well established that [a] trial court

[1] The following colloquy took place between the court and the defendant:

"The Court: Have you had enough time to talk to your attorney about your case and your decision to plead guilty?

"[Defendant]: Briefly.

"The Court: Well, that's not the question I put to you, sir.

"[Defendant]: Yes. Yes.

"The Court: Have you had enough time to talk to your attorney—

"[Defendant]: Sure.

"The Court:—about your case and your decision to plead guilty?

"[Defendant]: Yes, sir.

"The Court: Are you satisfied with your attorney's advice and his representation?

"[Defendant]: Yes

"The Court: Now, it has been brought to my attention that you have, in fact, filed a grievance against your attorney in connection with his representation of you and that you may have made some remarks concerning his representation of you at a hearing on a motion to withdraw filed by [your attorney]. Notwithstanding all of that, despite all of that, have you been satisfied with your attorney's advice and representation before today and today and now?

may properly rely on . . . the responses of the [defendant] at the time [he] responded to the trial court's plea canvass . . . ." (Internal quotation marks omitted.) Id., 536. We conclude, therefore, that the court did not abuse its discretion when it denied the defendant's motion to withdraw his plea of guilty under the *Alford* doctrine.

The judgment is affirmed.

"[Defendant]: I'm satisfied with it right now.

"The Court: That's not the question that I've put to you. Have you been satisfied with your attorney in his representation of you before today, today and now?

"[Defendant]: Yes."