ANTHONY WILLIAMS *v.* COMMISSIONER OF CORRECTION
(AC 25391)

Lavery, C. J., and Schaller and Dranginis, Js.

---

Submitted on briefs April 29—officially released July 26, 2005

*Denise P. Ansell*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Sarah Hanna*, special deputy assistant state's attorney, and *Anne F. Mahoney*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

LAVERY, C. J. The petitioner, Anthony Williams, appeals following the denial of his petition for certification to appeal from the dismissal of his petition for a

writ of habeas corpus. He claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims of ineffective assistance of counsel for his trial attorney's failure (1) to investigate his alibi witness adequately and (2) to advise him of his appellate rights. We dismiss the petitioner's appeal.

On November 5, 1997, after his trial already had begun, the petitioner pleaded guilty to the October 2, 1992 murder of Charles Knight in violation of General Statutes § 53a-54a (a). On February 18, 1998, the court denied the petitioner's motion to withdraw his plea and, in accordance with the plea agreement, sentenced the defendant to forty-two years imprisonment. The petitioner did not directly appeal from his conviction. On November 21, 2003, the petitioner filed an amended petition for a writ of habeas corpus. After a hearing, the court dismissed the petition for failure to prove the alleged claims. The court subsequently denied the petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner];

or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004). With that standard in mind, we turn to the petitioner's claims on appeal.

The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal because his claims warrant appellate review. Both of the petitioner's claims assert that his attorney provided ineffective assistance of counsel in violation of the petitioner's rights under the sixth amendment to the United States constitution. "A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct

with a strong presumption that it falls within the wide range of reasonable professional assistance and that a tactic that appears ineffective in hindsight may have been sound trial strategy at the time. . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . The *Hill* court noted that [i]n many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate . . . the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. *Hill* v. *Lockhart*, supra, [474 U.S.] 59 . . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 721–23, 789 A.2d 1046 (2002).

I

The petitioner contends that his trial attorney, Kevin Randolph, provided ineffective assistance by failing to conduct an adequate pretrial investigation. Specifically, he argues that Randolph failed to investigate the petitioner's alibi witness, Fayola Johnson, whom both Ran-

dolph and the court confused with the petitioner's girlfriend, Reyna Hurst, in concluding that additional investigation would not have been helpful. The court credited "[Randolph's] testimony that he spoke to . . . Johnson, who indicated that she couldn't testify about the petitioner's whereabouts at or about the time of the offense. In fact, what she had to say hurt the petitioner. It didn't help the petitioner." The petitioner argues that he informed Randolph of this witness and that she would provide useful information regarding the alibi defense. He maintains that, instead of looking for Johnson, Randolph spoke to Hurst and then confused these two different persons. He argues that the failure to investigate Johnson adequately, a crucial witness, greatly prejudiced his defense and caused him to plead guilty. We disagree.

"The failure of defense counsel to call a potential defense witness does not constitute ineffective assistance unless there is some showing that the testimony would have been helpful in establishing the asserted defense. Defense counsel will be deemed ineffective only when it is shown that a defendant has informed his attorney of the existence of the witness and that the attorney, without a reasonable investigation and without adequate explanation, failed to call the witness at trial. The reasonableness of an investigation must be evaluated not through hindsight but from the perspective of the attorney when he was conducting it." *State* v. *Talton*, 197 Conn. 280, 297–98, 497 A.2d 35 (1985).

The court's finding that Randolph adequately investigated Johnson is supported by the record. Randolph testified that his investigator "informed [him] after some weeks that he was unable to contact Fayola Johnson, and [he] thereafter made [his] own efforts to contact Fayola Johnson and [he] was successful. [H]e spoke to her personally and asked her if she could remember [the petitioner's] whereabouts on the date in question.

She said at that time she could not, and [he] asked her to call [him] back if she were able to remember and she never called [him] back."[1] The court was free to credit this testimony and find that Randolph had investigated Johnson and that she would not be helpful.

Additionally, the petitioner has failed to show prejudice resulting from Randolph's failure to call this witness. A person named Hurst testified for the prosecution, and her testimony only hurt the petitioner's case. Assuming that Johnson is a different person, no such person testified at the habeas hearing to demonstrate that her testimony would have been helpful. See *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 624, 724 A.2d 508 (failure of counsel to call potential defense witness does not constitute ineffective assistance unless petitioner establishes that testimony would have been helpful in establishing asserted defense), cert. denied, 248 Conn. 905, 731 A.2d 309 (1999). The petitioner's bare assertions that Johnson was a crucial alibi witness simply do not establish prejudice. The petitioner has failed to demonstrate that the resolution of this issue warrants further review. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal with respect to this claim.

## II

The petitioner also claims that his attorney provided ineffective assistance in failing to advise him of his right

[1] Because of later testimony, the petitioner and the respondent, the commissioner of correction, argue over whether Johnson and Hurst, who testified for the prosecution, are the same person using two different names. We conclude that the record is inadequate for us to determine whether Johnson and Hurst are different people. Randolph testified that the person he designated as Johnson was referred to by the state as Hurst. We have nothing beyond the petitioner's bare assertions that Johnson is another person. No evidence of her identity was produced, and no person claiming to be Johnson testified at the habeas proceeding.

to appeal from the denial of his motion to withdraw his guilty plea.[2] We agree with the respondent, the commissioner of correction, that because there were no nonfrivolous grounds on which to appeal and the petitioner did not request information regarding his appeal options, Randolph was not ineffective in failing to advise the petitioner of his appellate rights.

"There is no constitutional mandate that to provide reasonably competent assistance, defense counsel always must inform a criminal defendant of the right to appeal from the judgment rendered after the acceptance of a guilty plea. *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 9, 761 A.2d 740 (2000). Instead, counsel has a constitutional obligation to advise a defendant of appeal rights when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 73 Conn. App. 600, 604–605, 808 A.2d 1166 (2002), cert. denied, 262 Conn. 931, 815 A.2d 133 (2003). "[T]o show prejudice [when

---

[2] The petitioner also claims that his attorney's assistance was ineffective in that Randolph failed to advise the petitioner of the right to appeal from the denial of the motion to suppress a pretrial identification. We decline to review this claim because it was briefed inadequately. See, e.g., *Ward* v. *Greene*, 267 Conn. 539, 546, 839 A.2d 1259 (2004) ("[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." [Internal quotation marks omitted.]).

Furthermore, there is no merit to such a claim. "It is well established that an unconditional plea of guilty, made intelligently and voluntarily, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. . . . In general, the only allowable challenges after a plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction." (Internal quotation marks omitted.) *State* v. *Nelson*, 76 Conn. App. 472, 474, 819 A.2d 905, cert. denied, 264 Conn. 913, 826 A.2d 1156 (2003).

counsel fails to apprise a defendant of his or her appellate rights], a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (Internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction*, supra, 10.

In this case, it is not contested that the petitioner did not express any interest in appealing. Therefore, he had to establish that a rational defendant would have wanted to appeal. He argues that his nonfrivolous ground on which to appeal was the conflict of interest created by his attorney's representation of him at the hearing on the motion to withdraw the plea, which was premised on a claim of ineffective assistance of counsel.

"There is no authority for the proposition that unsupported allegations of ineffective assistance and conflict of interest, regardless of merit, require the court to furnish the defendant with an unlimited opportunity to obtain alternate counsel. . . . It is the province of the trial court to determine whether there is a factual basis for disqualification of counsel and, in the absence of a factual record showing an abuse of discretion, the trial court's failure to permit withdrawal of counsel is not reversible error." (Citation omitted.) *State* v. *Pena*, 16 Conn. App. 518, 530–31, 548 A.2d 445, cert. denied, 209 Conn. 830, 552 A.2d 1217 (1988).

Here, the petitioner had a period of approximately three months between the time of his plea and his sentencing hearing to request new counsel if he was dissatisfied with his attorney's representation. The petitioner's allegations of ineffective assistance were not brought to the court's attention until the day of sentencing, only after the court denied his request for an additional continuance. The issue of ineffective assistance of counsel was considered by the court, and the petitioner was allowed to examine his attorney as a witness.

After hearing the evidence, both the sentencing court and the habeas court found that the petitioner's assertions of ineffective assistance of counsel were meritless. The petitioner has not persuaded us that the court abused its discretion in failing to discharge Randolph as his attorney. Therefore, a conflict of interest claim would have been frivolous on appeal, and the petitioner has not established that a rational defendant would have wanted to appeal from the judgment rendered after the guilty plea. In addition, the petitioner has failed to demonstrate prejudice by arguing that he timely would have appealed from the judgment rendered after his guilty plea. Thus, we conclude that the petitioner has not demonstrated that this issue is debatable among jurists of reason, that a court could resolve the issue in a different manner or that the question raised deserves encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 612.[3]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[3] The petitioner also contends, without citation, that article first, § 8, of the constitution of Connecticut affords broader protections than the sixth amendment to the United States constitution, and that the state provision "requires counsel in a criminal action to affirmatively advise a client of his right to appeal regardless of the merits and . . . failure to do so result[s] in ineffective assistance of counsel." We decline to reach the defendant's state constitutional claim of ineffective assistance of counsel because it was inadequately briefed pursuant to the standard our Supreme Court enunciated in *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992). "We have repeatedly apprised litigants that we will not entertain a state constitutional claim unless the [petitioner] has provided an independent analysis under the particular provisions of the state constitution at issue." (Internal quotation marks omitted.) *State* v. *Vega*, 259 Conn. 374, 384 n.15, 788 A.2d 1221, cert. denied, 537 U.S. 836, 123 S. Ct. 152, 154 L. Ed. 2d 56 (2002).